Philip Alfonso, one of the defendants in the above entitled cause, has prosecuted this appeal from a judgment of the Twenty-Fifth Judicial District Court for the Parish of St. Bernard, by which he and his codefendant, Philo Melerine, were permanently enjoined, restrained and prohibited from trespassing on certain trapping lands allegedly belonging to the plaintiff, Albert Ruiz. He contends that the judgment was improvidently granted for the following reasons (1) that it was rendered on a rule nisi and that a judgment for a permanent injunction can only be granted after a trial of the merits of the controversy; (2) that, if a trial on the merits of the case was unnecessary, there is not sufficient proof to support the judgment for a permanent injunction; (3) that a permanent injunction should not have been granted until the issue of plaintiff's possession and ownership of the land was first determined and (4) that the injunction is invalid because the property, on which he is restrained from trespassing, is insufficiently and inadequately described in the judgment.
The transcript in the case exhibits the following: In the plaintiff's original petition, which is directed against the defendant Alfonso alone, he alleges that he is the owner of a certain described tract of land in St. Bernard Parish; that he has been in physical possession of the property since the year 1927 and that Alfonso is claiming the ownership of part of said property, having recorded a deed in the Conveyance Office of St. Bernard Parish which operates as a cloud upon his title. He prays for judgment cancelling the pretended title of the defendant from the conveyance records insofar as it encroaches upon his title to the land as a slander of his title and for $250 damages as attorney fees.
Subsequent to the filing of this petition and before it was served upon Alfonso, the plaintiff filed a supplemental petition in which he reiterated the allegations of his original petition and further set forth that he had been in physical possession of the property described in the original petition for more than a year; that Alfonso, together with one Melerine, had trespassed upon it and that, in view of their trespasses, a writ of injunction was necessary to protect *Page 331 
him against immediate and irreparable injury. He accordingly prayed that a temporary restraining order issue and that the defendants show cause, on a day to be fixed by the court, why a preliminary injunction, restraining and prohibiting them from trespassing upon the property, should not be granted.
Upon the showing made by plaintiff, the judge granted a temporary restraining order and further ordered the defendants to show cause on December 14, 1939, why a preliminary injunction should not issue. This order to show cause, together with the supplemental petition, was duly served on the defendants. When the rule nisi came up for hearing, the defendants failed to appear and the plaintiff tendered certain oral testimony in support of his application. The judge, after hearing this testimony (which was not reduced to writing by the court stenographer) and being of the opinion that it was sufficient, issued a preliminary injunction restraining the defendants, until hearing on the merits of the case, from entering upon the property described in plaintiff's original petition and, in this judgment, he also ordered the defendants to show cause, on December 19, 1939, why the preliminary injunction should not be made permanent and perpetual.
On the day set for a hearing on the rule to perpetuate the injunction, the defendant Alfonso appeared in court through counsel and moved to dissolve the temporary restraining order which had been theretofore issued (and which expired by limitation on the day of the hearing of the application for a preliminary injunction) on the ground that he, and not the plaintiff, was the owner of the tract of land in controversy and that he had been in physical possession of said land for a number of years. The record is silent as to what disposition of this motion to dissolve was made by the trial judge but we are told by counsel on both sides that he expressed the opinion that the question concerning plaintiff's right to an injunction had been fully and finally determined by the evidence submitted by plaintiff on the rule nisi for a preliminary injunction. Being of this view, the judge accordingly made the preliminary injunction permanent and perpetual, stating that he considered the law and evidence to be in plaintiff's favor. The evidence referred to by him in his judgment perpetuating the injunction was the oral testimony, which had been previously introduced by counsel for plaintiff on the hearing for a preliminary injunction, for it appears from a note of evidence contained in the record that the only evidence offered at the hearing in support of plaintiff's demand was the verbal testimony which had been submitted at the previous hearing and which never had been reduced to writing. The offer of this testimony is shown by a note of evidence contained in the record.
We do not find that it is necessary to discuss all of the objections made by counsel for Alfonso in their attack upon the judgment appealed from since an examination of the record convinces us that it is null for the reasons hereinafter set forth.
Assuming, for purposes of discussion, the propriety of the judge's action in requiring the defendants to try the question of plaintiff's right to a permanent injunction by summary process and in advance of a trial of the merits of the case, we are of the opinion that he was manifestly wrong in granting to plaintiff a perpetual injunction on the evidence produced at a former hearing in support of plaintiff's application for a preliminary injunction. The plaintiff, on his application to have the injunction made permanent, was required to submit due proof to show (1) that he possessed the land he claimed for one year prior to the institution of his suit and (2) that the defendants had trespassed upon it. The requirements cannot be satisfied by the offer of evidence submitted at another hearing which formed the basis for the issuance of a preliminary injunction. The defendant Alfonso was entitled, on the hearing for a permanent injunction, to cross-examine plaintiff's witnesses and to offer any evidence in his possession to rebut their statements. It may be that, during the interval between the date of the issuance of the preliminary injunction and the date of the hearing of the permanent injunction, the status of the parties may have changed. Then, too, the defendants might have been able to show, if plaintiff's witnesses had been produced at the hearing, that they testified falsely at the time they gave evidence on the rule nisi for a preliminary injunction.
Counsel for plaintiff argues, however, that the issue of plaintiff's possession and his right to an injunction had already been determined on the rule nisi for a preliminary injunction; that it would have served no useful purpose to have produced the same witnesses at the hearing to make the injunction perpetual and that the offer of the evidence that they had previously given was wholly sufficient. But counsel forget, in urging this proposition, that a *Page 332 
preliminary injunction is merely an interlocutory order which is designed to preserve the existing status pending a trial of the issues of the merits of the case. See Palama v. Livaudais,179 La. 201, 153 So. 691, and Drew v. Town of Zwolle, 185 La. 867,171 So. 59. The hearing on the rule to have the injunction made permanent and perpetual was one having for its object the final disposition of the rights of the parties and plaintiff was required to submit evidence to sustain his demand. The evidence produced by him at the preliminary hearing, which prompted the judge to grant him an interlocutory order, cannot be considered as legal proof of his right to have the injunction made perpetual and cannot form the basis of a valid judgment.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that this case be and it is remanded to the Twenty-Fifth Judicial District Court for the Parish of St. Bernard for further proceedings in accordance with law and not inconsistent with the views herein expressed. Plaintiff to pay the cost of this appeal, other costs to await a final determination of the cause.
Reversed and remanded.
 On Application For Correction of Opinion.