The plaintiff-appellee has moved to dismiss this appeal on the ground that the defendant-appellant has acquiesced in the judgment of the trial court because he filed a slander of title suit against the appellee in the District Court claiming the right of peaceable possession to the same real estate which is the subject matter of the issue presented by this appeal.
An examination of the record in the case and in the matter entitled Albert Ruiz v. Philip Alfonso, La.App., 1 So.2d 330, discloses the following: On December 24, 1937, Alfonso, the plaintiff-appellee, filed a possessory action against Ruiz, the defendant-appellant, claiming ownership of certain trapping lands in St. Bernard Parish and that his possession was being disturbed by Ruiz who was trespassing thereon. He prayed for the issuance of a temporary restraining order and that Ruiz be further ordered to show cause why a preliminary injunction should not be issued restraining him from trespassing on his property.
Upon the allegations made in Alfonso's petition, a temporary restraining order was issued by the court and Ruiz was ordered to show cause why a preliminary injunction *Page 333 
should not be granted. This rule for a preliminary injunction was never tried, for it appears from the record that, on the day set for hearing, the parties to the litigation conferred with the judge and it was agreed that, since Ruiz had title to lands adjoining those of Alfonso and since the boundaries of the contiguous lands were in dispute, a surveyor would be appointed by the court as in actions of boundary to make a survey of the respective tracts. In accordance with this agreement, an order of court was entered appointing Mr. Corwin A. Robert as the surveyor with instructions to make a survey and report his findings to the court.
Shortly after this order of the court was entered, Ruiz moved to dissolve the temporary restraining order which had been previously issued and he also filed an answer and plea of estoppel in which he claimed ownership of the lands to which Alfonso asserted title. He later filed a supplemental answer in which he asserted that he had sustained damages as a result of the suit and he alleged that Alfonso had wrongfully obtained the temporary restraining order for the fixed purpose of injuring him in the rightful possession and enjoyment of his property.
Thereafter, Mr. Robert, the surveyor appointed by the court, filed a process verbal of his survey in accordance with the order of the judge and the case proceeded to trial on its merits. At the trial, Alfonso did not attempt to offer any proof in support of his demand and his counsel moved that the matter be discontinued. Counsel for Ruiz thereupon objected to the dismissal of the suit on the grounds (1) that plaintiff's demand had been converted into an action of boundary by agreement between the parties and (2) that Ruiz was entitled to damages because of the unlawful issuance of the temporary restraining order. The judge, after hearing evidence with respect to Ruiz' claim for damages, held that, when Alfonso abandoned his suit for an injunction, there was nothing before the court to decide. He accordingly entered judgment dismissing the suit at appellee's cost.
From this judgment, Ruiz took a devolutive appeal to this court contending that the District Judge was in error in not determining the boundaries of the lands involved, since the matter had been converted into an action of boundary by order of the court of December 17, 1937, and that the judge should have given judgment in his favor based upon the process verbal of Mr. Robert which had been filed in evidence.
It further appears that, on November 21, 1939, prior to the rendition of the judgment dismissing Alfonso's suit in this matter, Ruiz instituted a separate suit in the District Court against Alfonso, claiming ownership of the trapping lands and that Alfonso, by the recordation of a deed in the conveyance office, had slandered his title. Later, by supplemental petition, he sought and obtained an injunction against Alfonso and one Melerine on the ground that they were trespassing on the property, of which he had been in possession for more than a year.
It is the contention of counsel for Alfonso that the filing of the slander of title and possessory action against him by the appellant Ruiz has operated as an acquiescence in the judgment appealed from which dismissed his suit against Ruiz and which Ruiz claims is erroneous because the judge failed to decide the issue presented concerning the correctness of the boundaries of the lands owned by the parties litigant.
We find no merit in the contention. Ruiz has always claimed the lawful possession of these lands by virtue of a just title. Alfonso brought this possessory action against him and afterwards abandoned it. The fact that Ruiz brought a slander of title and possessory action against Alfonso during the pendency of this suit can not, by any stretch of the imagination, be deemed to operate as an acquiescence by Ruiz in the judgment of the District Court in this matter which failed to consider the survey of Mr. Robert, who was appointed by the court for the purpose of fixing the correct boundaries of the lands of the parties.
The motion to dismiss is therefore denied.
Motion to dismiss denied. *Page 334