No. 13,805.

Police Jury of the Parish of Avoyelles vs. Jules M. Descant, Mayor, et als.

## Syllabus.

1. Ballots containing the words, "For Prohibition," and "Against Prohibition," are sufficiently intelligible for the purposes of an election called, agreeably to the provisions of Act 76 of 1884, by proclamation announcing such purposes in specific terms.

2. It is competent for a police jury, proceeding under the authority of Act No. 76 of 1884, in adopting, for submission to the voters of the parish, a regulation with respect to the sale of intoxicating liquors, to provide that such regulation shall take effect in the future. And, in such case, the regulation so adopted receiving the approval of a majority of the regular voters of the parish in the manner required by law, no municipal corporation or subdivision of such parish can interfere therewith until the expiration of one year from the date at which it shall have taken effect.

A PPEAL from the Fourteenth Judicial District, Parish of Avoyelles—*Couvillon, J.*

*J. W. Joffrion,* District Attorney, for Plaintiffs, Appellants.

*Adolph Vallery Coco,* for Defendants, Appellees.

The opinion of the court was delivered by

MONROE, J.   It appears from the record in this case that, upon February 20th, 1900, the Police Jury of the parish of Avoyelles adopted an ordinance directing that an election be held upon April 3rd, following, "throughout the parish", ·to take the sense of the voters as to whether the sale of intoxicating liquors should be licensed from and after January 1, 1901, the form of ballot prescribed being *"For Prohibition"*, for those who might be opposed to such licensing, and, *"Against Prohibition"*, for those who might be in favor of it; that an election was held, agreeably to the provisions of said ordinance, in which the citizens of the town of Mansura participated (giving a majority in favor of prohibition), with the result that there were 1055 ballots cast "For Prohibition" and 237 "Against Prohibition", which result was duly promulgated.  It also appears that the town council of Mansura thereafter ordered a similar election in that town, which was held in July 1900, and at which the votes cast, twenty-three in number,

were against prohibition, whereupon the Police Jury instituted this suit enjoining the authorities of said town from issuing licenses or otherwise taking action in opposition to the will of the majority of the voters of the parish, as expressed at the general parish election. It further appears that the, then, mayor, Jules M. Descant, and the, then, secretary, Abel L. Ducote, being opposed to the position assumed by the town authorities, resigned their positions and were succeeded by Thomas L. Roy, and Emile L. Berridon, respectively, who were, accordingly, made parties defendant.

The defense has been narrowed down to two propositions, viz:

1. That the parish election was irregular and illegal because the question submitted was, "Prohibition", or "Anti-Prohibition", and not "License" or, "No License."

2. That, should said election be held to be regular, its effects should be restricted to the year immediately following the date upon which it was held.

The law applicable to the case is to be found in Act No. 76 of 1884, which reads as follows, to-wit: "*   *   * That the Police Juries of the " several parishes of this State, the municipal authorities of the several " towns and cities, and the City Council of the City of New Orleans, " shall have the exclusive power to make such rules and regulations for " the sale or prohibition of the sale of intoxicating liquors as they may " deem advisable, and to grant or withhold licenses from the drinking " houses and shops within the limits of any city, parish, part of a par- " ish, or town, as a majority of the legal voters of any city, ward of a " parish or town, may determine, by ballot; and the said ballot shall be " taken whenever deemed necessary by the Police Juries of the several " parishes, the municipal authorities of the several cities and towns, and " the City Council of the city of New Orleans; *provided,* that said elec- " tion shall not be held more than once a year; and *provided further,* " that whenever at an election, held under this section, the majority of " the votes cast in a ward, if only a ward election has been held, or the " majority of votes cast in a parish, if an election has been held for a " whole parish, shall be against granting licenses for the sale of intoxi- " cating liquors, said vote or decision shall govern and control the ac- " tion of any ward, incorporated town, or city, within the limits of said " ward or parish, as the case may be, as fully and completely as if said " election had been held by authority of said town or city."

In State vs. Harper, 42 Ann. 313, and Police Jury vs. Harper, 42

Ann. 777, this court, whilst holding that, under the foregoing statute, an ordinance of a Police Jury, imposing penalties, not known to the laws of this State, for the retailing of spiritous liquors, was unauthorized, held, that it was competent, under said statute, for the Police Jury to *"prohibit* the sale of intoxicating liquors within the limits of the parish", and that any one violating the prohibition subjected himself to the penalties imposed by R. S. 1215. In Garrett, Blanks *et als.* vs. Mayor, 47 Ann. 618; Citizens and Taxpayers vs. Board, 49 Ann. 641; and Police Jury vs. Town of Mansfield, 49 Ann. 796, it has been decided that an election held throughout a parish, under the statute in question, is equally binding upon any ward or municipality within such parish as though held therein exclusively; but that, at the expiration of the year contemplated by the statute, such ward or municipality may hold a local election, and re-submit the question to its own voters.

Considering this law and jurisprudence with reference to the ground of defense first mentioned, there seems to us to be no answer to the proposition, that the Police Jury, plaintiffs herein, were entirely within the statute in the measures adopted by them for the "prohibition of the sale of intoxicating liquors," within the parish of Avoyelles, since the authority exercised is conferred in express terms and has been expressly recognized by this court. It is true, that the question voted on might, with equal propriety, have been submitted to the electors of the parish by means of ballots reading, "For granting licenses", and, "Against granting licenses", or, reading, "For withholding licenses", and, "Against withholding licenses", as no particular form of ballot is prescribed, and the result, so far as concerns the obtention of the views of the majority of the voters, would have been the same. The form of ballot adopted was, however, preferable, as it is a matter of common information, that the word "prohibition", when used in politics and elections, refers to the use of intoxicating liquors. Aside from this, the proclamation calling the election distinctly announced that it would be held "to take the sense of the regular qualified voters of the said parish of Avoyelles, whether or not intoxicating liquors shall be licensed or sold within the parish after January 1st, 1901", etc., and "That the form of ballot shall be, 'For prohibition', for those favoring the prohibition of the sale of intoxicating liquors, and 'Against prohibition' for those favoring licensing the sale of intoxicating liquors."

The other ground of defense set up is equally untenable. The law gives to the Police Juries "exclusive power to make such rules and regu-

lations," etc., as "a majority of the legal voters," etc., may determine, by ballot, with the limitation, that elections shall not be held more than once a year. In this case, the regulation was that the sale of intoxicating liquors should be prohibited after January 1st, 1901. It is too well settled to admit of discussion, that laws may be enacted in the present, to take effect in the future.,State ex rel. Holson vs. Recorder, 48 Ann. 1384; State ex rel. Kinberger vs. Mayor, 51 Ann. 919; State ex rel. Gilmore vs. City, 52 Ann. 94; Lloyd vs. Hamilton, 52 Ann. 861; Feek vs. Township Board of Bloomingdale (Mich. Supr. Court), 10 L. R. A. 72. And the ordinance adopted by the defendants, the execution of which is here injoined, was so intended, that is to say, it was adopted in 1900, to take effect in April 1901. Attention is called to the fact that in Police Jury vs. Town of Mansfield, 49 Ann. 796, it was held that the defendant town was at liberty to hold an election, as to local option, upon the expiration of twelve months from the date of the election which had been held under the authority of the Police Jury of the parish; but, that was because the regulation adopted at the election last mentioned took effect at once, and there was no attempt on the part of the town to interfere with its operation during the year following that date. In the instant case, however, the defendants held their election within four months after the parish election, in which they had participated, and they now demand that the regulations adopted by them shall take effect within four months after the taking effect of the regulations adopted by the parish. It may be remarked, in conclusion, that the record, and the able argument of the plaintiffs' counsel, furnish an excellent reason for the action of the plaintiffs, in fixing January 1, 1901, as the date at which the proposed parish regulation should take effect; in this, that the plaintiffs and the State had already issued, and had been paid for, liquor licenses for the year 1900, and, even assuming that such licenses could, and, in the case of the State, would, have been withdrawn, much inconvenience and injustice must, necessarily, have resulted. It may, also, be said, that, in most cases, and particularly in large parishes or cities, it would be, certainly, difficult, if not impossible to enforce a regulation, submitted for adoption under the law which we are considering, from the date of the election at which it may have been acted upon, for the reason that the result of such action cannot be known until the returns of the election have been compiled, a process which sometimes involves considerable delay.

Judgment affirmed.