171 So. 59

**DREW v. TOWN OF ZWOLLE, SABINE PARISH.**

No. 34079.

Nov. 4, 1936.

J. Reul Boone, of Many, for relator.

R. A. Fraser, of Many, for respondent.

FOURNET, Justice.

Relatrix, who was licensed to and engaged in the business of retail selling of beer and also tobacco, cold drinks, etc., in the Town of Zwolle, Sabine Parish, La., instituted proceedings against the town, seeking to have its ordinance prohibiting the sale of beer, ale, wine, and other liquors containing more than one-half of 1 per centum and not exceeding 6 per centum of alcohol by volume declared null and void and enjoined.

On a rule nisi the town was directed to show cause why a preliminary injunction should not issue and after a hearing thereon, the trial judge declined to grant the relief prayed for. The matter is now before us for review on a writ of certiorari.

■■ "It is the approved rule that the granting or refusing of a preliminary injunction is merely an interlocutory judg-ment designed to preserve the existing status pending a trial of the issues on the merits of the case, and therefore the question is one which is addressed to the sound discretion of the trial judge." Palama v. Livaudais, 179 La. 201, 153 So. 691, 692.

This case therefore presents for our consideration the sole question of whether or not the trial judge abused his discretion or acted arbitrarily in refusing to grant a preliminary injunction.

The basis of relatrix' action is that the town was without authority to adopt the ordinance because: (1) The election by the town was held without the authority of a petition addressed to it for that purpose by 25 per centum of its duly qualified electors as required by section 4 of Act No. 17 of the First Extraordinary Session of the Legislature of the state of Louisiana for the year 1935; (2) the Parish of Sabine, having previously prohibited the sale of intoxicating liquors containing more than 6 per centum of alcohol by volume, the Town of Zwolle, being embraced within and being a part of Sabine Parish, was precluded from calling an election under the provisions of the act; and (3) if the election was legally held, the ordinance does not conform to the proposition submitted to the voters.

■ The record discloses that on the trial of the rule it was shown that the citizens of Zwolle circulated a petition for calling an election on the proposition of prohibiting the sale of beer and other alcoholic liquors containing more than one-half of 1 per centum and not exceeding 6

per centum of alcohol by volume, which petition was signed by a number of its citizens and was shown to contain the signatures of more than 25 per centum of the qualified voters of Zwolle by the certificate of the registrar of voters of Sabine Parish, dated April 7, 1936. But relatrix contends that at the time the board of aldermen had under consideration the proposition of calling the election, the petition was not formally filed with and physically before the board and consequently the board was without authority to call the election.

At the time the proposition was first considered by the board at its regular meeting in May, it was generally known that the petition had been circulated and that it had been signed by more than 25 per centum of the required number of electors; and after a full discussion by the board, it postponed action until its next regular meeting, June 16, 1936, when it adopted the ordinance calling the election, and the election was accordingly held on July 21, 1936, with the result that 100 citizens voted in favor of permitting the licensing of beer and other alcoholic liquors containing alcohol not exceeding 6 per centum by volume and 141 voted against the proposition.

It is conceded that the state, under its police power, can regulate and control the traffic in alcoholic or intoxicating liquors and has the authority to delegate that power to its political subdivisions, which it did by Act No. 17 of the First Extraordinary Session of the Legislature for 1935.

The first section of the act grants to the parish, ward, or municipality the right of local option upon holding an election to be conducted "as nearly as possible in accordance with the election laws of the State." The second section classifies "alcoholic or intoxicating liquors" into two groups, i. e. (a) includes beer and other alcoholic liquors of an alcoholic content greater than one-half of 1 per centum of alcohol by volume, but not exceeding 6 per centum of alcohol by volume; and (b) those malt, vinous, spirituous, alcoholic, or intoxicating liquors containing more than 6 per centum of alcohol; and it further provides that an election may be held in respect to the traffic in liquors defined in both groups or in respect to either. Section 3 prohibits the granting of permits for the sale of such liquors in municipalities, wards, or parishes where prohibited as provided for in the act. Section 4 prescribes the procedure for the holding of elections, and while it provides that an election "shall be ordered * * * only upon petition of twenty-five per centum (25%) of the duly qualified voters * * * to be certified by the Registrar of Voters," the legislators did not prescribe any specific formalities or details for the procedure.

It is manifest that the Legislature simply intended to prevent the holding of an election at the will of the governing authorities of parishes, wards, and municipalities, and that such elections be restricted to instances where there is a real public demand therefor and not oftener than once a year.

We therefore conclude that the ordinance adopted by the mayor and board of aldermen of the Town of Zwolle was the direct result of the interest manifested by 25 per centum of the qualified electors of the town, and while the failure to formally file the petition with the governing authority of the town might have been grounds for enjoining the holding of the election, on which question we do not express any opinion, nevertheless we will not reverse the will of the majority of the people on a mere technicality, urged only after the election proved to be unfavorable to relatrix.

■ The second ground raised by relatrix for declaring the ordinance null is based on that portion of section 4 of the act which reads as follows:

"Whenever an election has been held and the majority of the votes cast in a parish, or in a ward election if only a ward election has been held, shall be against permitting the sale or disposition of such liquors of an alcoholic content in excess of six per centum by volume within such parish or ward, then said vote or decision in such parish or ward election shall control the action of any ward, city or town within the limits of said parish or ward, as the case may be."

It appears to us that the foregoing language is clear and unambiguous and can have but one interpretation and that is whenever an election has been held in a parish, as was done in Sabine Parish, and the vote was against permitting the sale of liquors of an alcoholic content in excess of six per centum by volume, then the result of the election is binding on

the entire parish (which necessarily includes all wards and municipalities within said parish), irrespective of the fact that the result of the vote of a particular municipality or ward is contrary to the result of the parish-wide election. But this does not affect the right of any ward or municipality within the parish to call an election with reference to liquors of an alcoholic content not exceeding 6 per centum of alcohol by volume, because the act specifically provides that elections can be held to determine whether either group, as set forth in the statute, may be licensed.

■■ We shall now consider the third ground of attack urged by relatrix for having the ordinance declared null.

The ordinance calling the election provides that a special election shall be held on Tuesday, July 21, 1936, "for the purpose of submitting to the qualified electors of the Town of Zwolle, Parish of Sabine, State of Louisiana, the question of whether the traffic in Beer, Ale, and Wine shall be permitted or prohibited throughout the Town of Zwolle, Parish of Sabine, State of Louisiana"; and that the ballot to be used in said election should be in the following form:

"To license the sale of Beer, Wine, and other intoxicating liquors, as defined by law, throughout the Town of Zwolle, Parish of Sabine, Against ☐ State of Louisiana. For ☐"

The act does not prescribe the form of ballot to be used in elections, but in section 5 it is provided that where the election laws do not otherwise provide, "the gov-

erning authority calling the election shall provide in its ordinance or resolution the manner in which the election shall be conducted and the result thereof promulgated." We therefore think that any form which fairly apprised the electors of the proposition upon which they were voting is sufficient. Police Jury v. Descant et al., 105 La. 512, 29 So. 976.

In the instant case the trial judge concluded that the voters understood the issues upon which they voted, and we see no reason to disturb his finding on that point, because it is perfectly evident that the citizens of Zwolle knew what they were voting on, for in their petition to the board of aldermen, they requested the election for the purpose of ascertaining the will of the citizens of Zwolle on the question of "whether the business of producing, manufacturing, handling, selling or distributing beer, porter, ale, fruit juices or wine in the Town of Zwolle, State of Louisiana, shall be licensed or permitted therein, or whether such business shall not be allowed therein." Moreover, they were aware of the fact that the Parish of Sabine had previously voted against permitting the licensing of liquors containing more than 6 per centum of alcohol by volume.

It is our opinion that the district judge did not err in refusing to grant a preliminary injunction.

For the reasons assigned, the writ herein issued is recalled; the application of relatrix is denied, and the judgment of the lower court is affirmed at relatrix' cost.