171 So. 91

FOSCUE et al. v. MITCHELL et al.

No. 34102.

Nov. 9, 1936.

Pugh, Grimmet & Boatner and A. M. Simon, all of Shreveport, for relators.

Lee & Lee and J. N. Marcantel, all of Shreveport, for respondents.

O'NIELL, Chief Justice.

This is a possessory action, in which the plaintiffs are asking for a preliminary injunction to prevent the defendants from drilling an oil well on the land, of which

the possession is in dispute. The land has an area of 7.35 acres, and is the northern portion of a tract containing 160 acres, of which the plaintiffs claim possession as owners. The suit partakes of an action for slander of title. The plaintiffs aver that the defendants are trespassers on the 7.35 acres of land. Hence the plaintiffs asked for and obtained a rule on the defendants to show cause why a preliminary injunction should not be granted, to prevent the defendants from going upon the land, pending a hearing of the case on its merits. The purpose of the writ was to prevent the drilling of an oil well, for which the defendants had constructed a derrick, and which they were about to commence drilling. The defendants, in their answer to the rule, pleaded that they were in possession of the 7.35 acres of land as owners, and had been in possession as owners of the land continuously for a period exceeding 30 years, and that they had acquired a title therefore by the prescription of 30 years. After a hearing on the rule, the judge refused to grant a preliminary injunction to prevent the drilling of the well. The plaintiffs have brought the matter here on a writ of certiorari and an alternative writ of mandamus to compel the judge of the district court to grant the preliminary injunction. The judge, in obedience to the writ of certiorari, has sent up the entire record, with his answer to the rule to show cause why he should not be ordered to grant the preliminary injunction. It appears that the plaintiffs, John W. Foscue and others, have a recorded title for the 160 acres of land, of which the tract 7.35 acres in dispute forms a part. It appears also that, on the trial of the rule to show cause why the writ of injunction should not issue, in the district court, the defendants made what the judge of the district court considered a prima facie showing of possession of the 7.35 acres of land for a period exceeding 30 years. The judge found that the plaintiffs were not in the actual possession of the 7.35 acres, but had constructive possession only, by virtue of their actual possession of the remaining portion of the tract of 160 acres, for which they held a recorded title.

The judge did not decide finally who had possession of the 7.35 acres, on the trial of the rule to show cause why a preliminary injunction should not issue, because the judge considered the question as to who had actual possession of the land as the question to be decided on the trial of the case on its merits. And, in this connection, the judge concluded that it might come to pass that he could not decide the question as to who has the actual possession of the 7.35 acres of land without deciding who has the better title, because of the defendants' plea of prescription of 30 years. The evidence that was heard on the trial of the rule to show cause why the preliminary injunction should not issue, in the district court, showed that there were four producing offset wells on lands adjacent to the 7.35 acres of land; two of these offset wells being on the south side of the 7.35 acres, and belonging to the plaintiffs in this suit. The two other offset wells are on the north side of the 7.35 acres; and all of the four wells are in such

close proximity to the 7.35 acres as to be draining the land of the oil or gas beneath it. The facts of the case are, therefore, very similar to the facts which were presented in the case of United Gas Public Service Co. v. Arkansas-Louisiana Pipe Line Co., 176 La. 1024, 147 So. 66, in which case, on rehearing, we found that the judge of the district court had not abused his discretion in refusing to grant a preliminary injunction; and hence we decline to compel him by mandamus to grant the preliminary injunction. The judge of the district court points out, in this case, that it would be impossible to calculate the injury which might be done to the 7.35 acres of land from drainage, by the four offset wells, during the pendency of this suit, if the judge should grant the preliminary injunction and thereby prevent the drilling of the well on the 7.35 acres. On the other hand, the judge points out that, if the well which is about to be drilled on the 7.35 acres is completed, it will be an easy matter to determine the value of the oil and gas, or of either the oil or the gas, that may be extracted from the 7.35 acres of land during the pendency of this suit. Under the authority of United Gas Public Service Co. v. Arkansas-Louisiana Pipe Line Co., we find that the judge did not abuse his discretion in this case. As we said in the case cited, the question whether a preliminary writ of injunction should be granted in any given case depends very largely upon the discretion of the judge to whom the petition for the writ is presented.

The relief prayed for by the relators is denied at their cost.