**NOE v. MAESTRI, Mayor, et al.**

**No. 17196.**

Court of Appeal of Louisiana. Orleans.

June 12, 1939.

James David McNeill, of New Orleans, for appellant.

Francis P. Burns and Henry B. Curtis, both of New Orleans, for appellees.

McCALEB, Judge.

This is a devolutive appeal by the plaintiff, Senator James A. Noe, taken under the provisions of Section 5 of Act No. 29 of 1924 from a judgment, on a rule nisi, refusing to grant him a preliminary injunction to prevent the Mayor of the City of New Orleans and the Superintendent of Police from interfering with the distribution of circulars or leaflets issued by him in furtherance of his prospective candidacy for Governor of this state.

In his petition to the District Court, the plaintiff alleged that he caused to have printed 150,000 · leaflets for distribution among the electorate of the City of New Orleans for the purpose of acquainting the voters with his platform; that he employed numerous persons to distribute these leaflets throughout the City and that certain police officers of the City, acting under the direction, supervision and control of the defendants, arrested six of his employees who were lawfully engaged in giving out his circulars. He averred that, after these employees were arrested, they were taken to police headquarters where they were charged with loitering when (to the knowledge of the officers) they were not loiterers and were, in fact, engaged in the lawful occupation of distributing the circulars or leaflets; that the arrests for loitering were not made in good faith by the police officers and that the charge was a mere subterfuge employed by the police in pursuance of a scheme, entered into by the defendants, to prevent plaintiff from distributing his leaflets to the voters of New Orleans. He further set forth, alternatively, that, if the Mayor and Superintendent of Police should believe or contend that his employees, who were arrested, were erroneously charged as being loiterers and should have been charged with distributing the circulars or leaflets without having first obtained a permit as required by a certain ordinance of the City of New Orleans, then that ordinance was unconstitutional as being violative of the provisions of both the state and federal constitutions.

The judge of the district court forthwith issued a rule nisi and ordered the Mayor and Superintendent of Police to show cause why a preliminary injunction should not be issued against them as prayed for by plaintiff. The defendants appeared on the return day of the rule and resisted the issuance of the writ by way

of exception and answer. In their answer, they admitted the arrest of the six men referred to in plaintiff's petition and that these men had been charged with loitering. However, they did not contend either that the men had been erroneously charged or that they should have been arrested for distributing the plaintiff's leaflets without a permit and they further alleged that they had no intention whatsoever of ordering or instructing the police officers of the City of New Orleans to make any arrests, except where probable cause existed, and that, in the future, no such arrests would be made.

At the trial of the rule on its merits, the Superintendent of Police, testifying in open court, disclaimed any previous knowledge that the arrests of the plaintiff's employees were to be made and he gave his assurance to the judge that the police officers would not thereafter interfere with the constitutional right of the plaintiff to have his circulars or leaflets distributed in the City. Upon this showing, the judge refused plaintiff's application for a preliminary injunction. On March 21, 1939, the plaintiff prosecuted a devolutive appeal to this court from the interlocutory decree. On the following day, he invoked the supervisory jurisdiction of the Supreme Court of Louisiana by applying to it for the issuance of writs of certiorari, mandamus and prohibition. On April 3, 1939, the Supreme Court, by written opinion, denied plaintiff's application. 190 So. 588.

Subsequent to the denial of plaintiff's petition to the Supreme Court for the issuance of remedial writs, this appeal was submitted for our decision. An examination of the Supreme Court's opinion in this case discloses that the alleged errors complained of by the plaintiff on this appeal have been squarely passed upon and disposed of by that court. It is true that the Supreme Court, in refusing to entertain plaintiff's application for writs, held that he had an adequate remedy by appeal and that, in such a case, it will not exercise its supervisory jurisdiction, but the opinion of the court is not exclusively founded upon that ground. As a matter of fact, the court discussed the merits of the plaintiff's contentions and concluded that the district judge had not abused his discretion in declining to issue a preliminary injunction. Its conclusion in that respect is decisive of this appeal for it is well settled that much latitude is to be given to the trial judge in determining whether he will grant or refuse a preliminary injunction and that his judgment will not be disturbed except in cases where he has been guilty of an abuse of his discretion. See Drew v. Town of Zwolle, 185 La. 867, 171 So. 59; Foscue v. Mitchell, 185 La. 963, 171 So. 91; and Palama v. Livaudais, 179 La. 201, 153 So. 691.

Plaintiff's principal argument on this appeal is that the district judge should not have accepted the statement of the Superintendent of Police in which the latter disclaimed any previous knowledge of the arrest of plaintiff's employees and in which he gave his assurance to the judge that he had instructed the police officers not to interfere with the plaintiff's constitutional right to distribute the circulars or leaflets in the future. The Supreme Court, in answering this contention, observed:

"The mayor and the superintendent of police did not concede that the policemen were not in good faith in charging the men whom they arrested with being loiterers, or that the police officers had abused their authority in any respect. But that was not an issue in this case, and was a matter of no importance except in so far as it served to show whether an injunction was or was not necessary in the premises. The judge, in pronouncing his judgment that an injunction was not necessary, announced from the bench that he accepted the assurance of the mayor and of the superintendent of police in that respect, and that in his opinion the plaintiff would be entitled to an injunction if in the future the police officers should interfere unlawfully with the distribution of the plaintiff's circulars or leaflets, by arresting the distributors on the charge of loitering.

"Our conclusion being that the judge of the civil district court did not abuse his discretion in refusing to grant an injunction, the petition for writs of certiorari, mandamus and prohibition is denied."

Counsel for plaintiff further complains that the trial judge erred in failing to grant a preliminary injunction on the ground that the ordinance of the City of New Orleans, respecting the distribution of circulars without a permit, is unconstitutional. He says that this question was placed at issue by the defendants as the

result of a statement made by the Superintendent of Police (while on the witness stand under cross-examination) that he intended to enforce all of the ordinances of the City. This evidence was wholly insufficient to put at issue the constitutionality of the ordinance respecting the distribution of circulars. The statement of the Superintendent is merely a repetition of his oath of office. The plaintiff did not challenge the constitutionality of the ordinance except alternatively and only in the event the defendants maintained that his employees should have been charged with distributing the leaflets without a permit. The defendants did not make such a contention and, as a consequence, the constitutionality of that ordinance was not placed at issue. Moreover, this point was considered by the Supreme Court on plaintiff's application for writs and was disposed of by that court in the following language:

"The defendants, the mayor and the superintendent of police, did not contend or plead that the men who were arrested were erroneously charged with being loiterers, or that they should have been charged with distributing the circulars or leaflets without a permit; hence the plaintiff's alternative plea, concerning the constitutionality of the ordinance, became unnecessary, and never had the effect of challenging the constitutionality of the ordinance. If the question of constitutionality of the ordinance, requiring a permit from the mayor for the privilege of distributing circulars, leaflets, or other advertising matter, had been put at issue, and if the judge had decided against the plaintiff on that question, the plaintiff would have had the right to an appeal to this court, because the Constitution (in section 10 of article 7) declares that the supreme court shall have appellate jurisdiction in any case in which the constitutionality or legality of a penal ordinance of a municipal corporation is in contest, regardless of any financial matter being in contest."

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.