FOURNET, Justice.
 

 Ridge Park, Inc., which had, on March 27, 1944, acquired a tract of land in Jefferson Parish for development as a subdivision, instituted these proceedings on June 26, 1945, to have declared null and void an ordinance adopted by the Police Jury of Jefferson Parish on April 6, 1944, abandoning and closing Fairmont Drive, a street in the rear of a sub-division adjoining Ridge Park known as Farnham Place, making parties defendant the Police Jury of Jefferson Parish and the owners abutting on Fairmont Drive to whom the property reverted under the law when it was closed, —the New .Orleans Terminal Company, Inc., and Walter C. Royals. Pending a determination of the matter the. plaintiff prayed for .a preliminary injunction restraining and enjoining any interference with its use of this street for highway and road purposes.
 

 On the return day the attorney representing Royals sought to have all of the proceedings stayed until his client’s return from military service, but this was refused, and the Police Jury and the New Orleans Terminal ^Company, Inc., in response to the rule nisi, excepted to the plaintiff’s petition on the ground that it disclosed neither a cause nor a right of action and answered, with reservation of their rights under these exceptions. The matter was then submitted to the court for adjudication on the'exceptions and the trial judge, assigning written reasons therefor, rendered judgment maintaining these exceptions, denying plaintiff’s right to the injunctive relief, and dismissing its suit. The plaintiff is appealing from that judgment.
 

 Obviously the court was unauthorized to dismiss the plaintiff’s suit on the merits since the only matter tendered to the court and submitted to it for adjudication under the rule nisi was “why a preliminary injunction should not issue in this cause as prayed for.” Dunham v. Town of Slidell, 133 La. 212, 62 So. 635, and Succession of Levins, 184 La. 825, 167 So. 454.
 

 The question for our determination, therefore, is whether or not the petition states such a cause of action as would warrant the court’s granting of the injunctive relief sought pending a hearing of the case on its merits. Heyniger v. Hoffnung, 29 La.Ann. 57, and Agricultural Supply Co. v. Livigne, 177 La. 15, 147 So. 365.
 

 Under the express provisions of the Code of Practice, “The injunction
 
 must
 
 be
 
 *356
 
 granted, and directed against the defendant himself, in the following cases: 1. When the defendant is in the act of building or constructing some work tending
 
 to
 
 obstruct a place of which the public has the use.” (Article 298), and it
 
 may,
 
 in the discretion of the trial judge, be granted “in all other cases when it is necessary to preserve the property in dispute during the pendency of the action, and to prevent one of the parties, during the continuance of the suit, from dilapidating the same, or from doing some other act injurious to the other party.” Article 303. (Italics ours.)
 

 The first article has no application here for there is no allegation in the petition that the defendants are in the act of building or constructing some work tending to obstruct the property in controversy, which has admittedly been closed to public use. The only allegation with respect to this in the petition is that the plaintiff “fears that said abutting owners (to whom the land reverted) may take such steps in carrying out their claims of ownership as to further impede petitioner’s use of said Fairmont 'Drive.” (Brackets ours.)
 

 Nor can Article 303 have any application for “It is the approved rule that the granting or refusing of a preliminary injunction is merely an interlocutory judgment designed to preserve the existing status pending a trial of the issues on the merits of the case.” Palama v. Livaudais, 179 La. 201, 153 So. 691, 692; Drew v. Town of Zwolle, 185 La. 867, 171 So. 59, and since the street in controversy has been closed and the plaintiff is here seeking to have the same “reopened for public use," to preserve the existing status pending a trial of the issues on the merits would not benefit the plaintiff for it would have the effect of maintaining the street in its present closed status, the very opposite to the relief being sought.
 

 The other allegations of .the petition dealing ,with the merits of the case, that is, the validity of the ordinance of the Police Jury vel non, are not pertinent here, for, as above pointed;out, this issue was not submitted to the trial judge for adjudication.
 

 For the reasons assigned the judgment-of the lower court dismissing the plaintiff’s suit on the merits is overruled; in-all other respects the judgment is affirmed. The-ap-1 pellees are to pay the costs here and all other costs are to await the-final determination of this suit. The case is remanded to the lower court to be proceeded with according to law.