JOHNSON, Judge.
On application on behalf of the plaintiffs filed herein on October 19, 1961, this Court granted a writ of certiorari to review the proceedings in the Civil District Court for the Parish of Orleans in order to determine the validity of the judgment of that Court dated July 21, 1961, which enjoined the plaintiffs from selling any property seized in the execution of its original judgment dated June 2, 1961, in favor of plaintiffs and against the defendant for a sum of money. This Court also ordered the District Court and the defendant to show cause why that judgment of the District Court of July 21, 1961, issuing the injunction, should not be reversed.
The plaintiff, Alphonse Mortgage Company, a partnership, as holder of two promissory notes executed by the defendant, Albert Saucier, Jr., brought suit on the notes, alleging them to be past due and unpaid. One of the notes, dated February 6, 1961, is for $94,000.00, payable in monthly installments of $2,100.00 each beginning with the first installment due ninety (90) days after date; and the other note is for $3,000.00 dated February 21, 1961, payable thirty (30) days after date. Each note contained the provision that upon the non-payment of any maturity the note and all other obligations of the maker shall forthwith mature without demand or putting in default, demand, notice, etc., being specially waived. To secure the payment of both notes forty-six (46) mortgage notes in various amounts made by various parties were pledged and delivered to the Alphonse Mortgage Company.
The first installment of the larger note fell due on May 7, 1961. The original petition was filed on May 9, 1961, alleging that no payment had been made and that both notes were in default. Service and citation were made on defendant on May 11, 1961. No answer or appearance having been filed by the defendant, a preliminary judgment was entered on May 29, 1961. On June 2, 1961, A. Lester Sarpy, managing partner of the plaintiff company, testified that on May, 30, 1961, after the suit had been filed, one payment in the sum of $3,158.40 was made. Fie testified to other essential facts and judgment was rendered against defend-' ant confirming the preliminary default and for the full amount plus interest and attorney’s fees, subject to said credit, and recognizing the pledge of the collateral security. *851 In due course execution issued, the sheriff seized the forty-six (46) collateral mortgage notes and advertised them for public sale on July 21, 1961.
On July 18, 1961, the defendant filed a petition in the same suit entitled “Action to Annul the Judgment herein,” alleging that the notes were not in default; that plaintiffs knew that the testimony of Mr. Sarpy that only one payment had been made on May 30, 1961, was untrue; that various payments had been made by different makers of the pledged notes; that the notes sued on had been altered after they were made by changing the stipulated attorney fees of 10% to read 20%; that tender to plaintiff of the amount necessary to pay and discharge any sums due on either note had been rejected, and prayed that an order issue citing the plaintiffs to show cause at a time to be fixed by the Court why the judgment of June 2, 1961, should not be annulled, and enjoining the plaintiffs from selling the collateral notes. A rule nisi issued accordingly, made returnable on July 21, 1961.
When that rule came on for trial on the return day, counsel for plaintiff filed an exception that defendant in the suit had no right or cause of action to annul the judgment of June 2, 1961, by summary process.
From the statements made by the trial judge at that time, as found in the transcript, it is apparent that he realized that the defendant could not proceed by summary process to annul the judgment of June 2, 1961. The Court stated to the effect that because of the gravity of the allegations contained in defendant’s petition to annul that judgment (and for various other reasons specified by the judge), the Court announced that it would not pass upon, vel non, “the validity or nullity of the judgment, but would hear the facts and determine whether or not the Court will render its order to prevent the sheriff from proceeding with the sale, which is fixed for today, and the Court will hear the case to that extent only.” Therefore, the Court overruled the exception and in effect converted the petition to annul the judgment of June 2, 1961, into a summary hearing on the application contained in the prayer for an injunction to prevent the sale of the seized property, and the judge limited the evidence to that subject.
Mr. Sarpy was the only witness on that occasion. He was called by counsel for the defendant, the plaintiff in rule. In answer to the question as to who made the payment of $3,158.40 on May 30, 1961, after the suit was filed, he explained that Mr. Saucier, the defendant, made the payment by endorsing three checks which Mr. Sarpy had drawn against a bank account styled “A. Lester Sarpy Collection Account;” that payments made to his office as the collection agent for the Alphonse Mortgage Company by various makers of the collateral notes were not turned over immediately to the Alphonse Mortgage Company, but instead were deposited in that collection bank account in his name and at the end of each month, for the total amount paid during the month, he drew a check payable to Albert Saucier, Jr. For the month of February the amount was $278.82, for March it was $1,4-32.04, for April it was $1,447.54. At the end of each month Mr. Saucier was notified to come in and endorse the check for that month so that the amount could be turned over to the Alphonse Mortgage Company for credit on the Saucier notes, and that the matter was handled in this manner by a definite arrangement and agreement with Mr. Saucier, made at the time Saucier signed the notes; that despite numerous requests for him to do that, Sarpy said Mr. Saucier did not come to endorse these checks until May 24, 1961, after the suit was filed, and then the total of these checks was paid to Alphonse Mortgage Company as a credit on the Saucier notes and that credit was entered on May 30, 1961. Mr. Sarpy further said that the collections on these collateral notes belonged to the defendant, but they were pledged to the Alphonse Mortgage Company and that is the reason the checks were held for Saucier’s endorsement according to the agreement. Defense counsel contends that the credits on the Saucier notes *852 should have been made as of the dates when the collections came in from the makers of the collateral notes. Ordinarily that would be true, but it was well within defendant’s prerogative to have the collections handled in some other way. When Mr. Sarpy explained the manner in which he had handled these collections the trial court announced that on his own motion he would grant a preliminary injunction to stop the sale of the collateral notes and the Court continued the case to be heard later on the merits. That judgment granting the injunction was signed July 21, 1961, and it is the validity of that judgment that this Court in ordering the record sent up for review has put at issue here.
While the issue now before this Court primarily is not the legality of the original judgment of June 2, 1961, if we should determine from the record as it stands that the original judgment was illegal on the face of the record, that would dismiss the suit and there would be nothing else to decide. We have examined the proceedings of the confirmation of the default judgment and we find that the note of evidence is ample to support that judgment of June 2, 1961. Coming down to the trial of the rule to enjoin the execution of the judgment of June 2, counsel for Saucier contends that we should hold that when the various payments were made by makers of the collateral notes the amounts should have been delivered by Sarpy to the Alphonse Mortgage Company as credits on Saucier’s notes instead of depositing them by Sarpy in his personal collection account; that Sarpy, being a partner in the plaintiff company, his possession of the money was for the plaintiff, or at any rate, that Saucier is entitled to apply the principle of facultative compensation, and for that reason he argues that the notes were not in default. We cannot consider at this stage the applicability of that principle of law, because it may depend on whether there was an agreement on the manner in which Sarpy was to handle the money, and that issue has not been tried by the trial court.
We find that the evidence heard on the summary process to enjoin the execution of the original judgment was sufficient to raise a doubt in the mind of the trial court as to whether the notes were in default at the time the suit was filed and we assume that is the reason he granted the preliminary injunction.
On that action when the Court overruled the exception and announced that he would hear evidence only on the rule nisi for the injunction and counsel for the defendant, plaintiff in rule, proceeded to take testimony there was no objection on the part of counsel for plaintiffs, defendant in rule. The Court issued the preliminary injunction, the purpose and effect of which is to hold matters in status quo for the time being. In City of New Orleans v. Langenstein, 91 So.2d 114 (119), this Court said:
“ * * * The question of whether the preliminary injunction shall issue in a given case addresses itself to the sound discretion of the trial judge. A preliminary injunction is nothing more than an interlocutory judgment or decree, the design of which is to preserve and maintain the existing status pending a hearing of the issues by the court on the merits of the controversy. Ridge Park, Inc., v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128; Foscue v. Mitchell, 185 La. 963, 171 So. 91; Drew v. Town of Zwolle, Sabine Parish, 185 La. 867, 171 So. 59; Palama v. Livaudais, 179 La. 201, 153 So. 691; Harris v. Pierce, La.App., 73 So.2d 330.”
After the preliminary injunction issued the defendant, Albert Saucier, Jr., probably realizing the defect in his original action to annul the judgment of June 2, 1961, filed an entirely new petition entitled “Action to Annul the Judgment Herein” and prays that the preliminary injunction remain in force. This new petition reiterates the same grounds of the original one to which have been added additional allegations spelling out with more particularity the charges of *853 fraud and ill-practice on the part of the plaintiffs. This second petition to annul is with service and citation as in ordinary proceedings. This new action to annul had not been tried when this application for writs was filed in this Court.
Since the filing of this new petition to annul, the trial court heard on October 6, 1961, a motion and rule filed by plaintiffs to dissolve the injunction and the trial court dismissed the rule, which left the preliminary injunction in force. As the matter now stands, it is our opinion that the trial court did not abuse the discretion which he was permitted to exercise in granting the preliminary injunction by his judgment of July 21, 1961. Therefore, the order of this Court, granting the writ of certiorari herein is recalled and set aside and it is now ordered that the case be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law.
Writ recalled. Remanded.