SAMUEL, Judge.
Relators and the respondent own lots in Magnolia Subdivision in St. Bernard Parish. Respondent’s lots, 1 and 3 of Square H, are unimproved and front on St. Bernard Highway. Relators reside on their properties. All of these lots are subject to the same title restrictions, two of which restrictions provide that no lot shall be used *240 except for residential purposes, no building other than a particularly described single family dwelling shall be erected on any lot, and no noxious or offensive activity shall be carried on upon any lot nor anything done thereon which may be or become an annoyance or nuisance to the neighborhood.
On March 29, 1961, relators filed this suit (no temporary restraining order was sought) to enjoin respondent from carrying on the alleged nuisance of permitting his lots to be used, as they had been allegedly used during the preceding six months, for the intermittent parking of dump trucks and other commercial and construction vehicles and from the contemplated construction of a commercial building on the lots. Respondent’s answer denies the existence of a nuisance, alleges the continuous use of the lots for parking, storing, repairing and maintaining dump trucks, trucks, engines, machines and other types of commercial and construction equipment and machinery prior to and after November 12, 1957, and pleads the prescription of two years under LSA-R.S. 9:5622, which prescription would free the lots of the restriction so violated.
The district court found no business or commercial use of the property sufficient to support the prescription pleaded and granted a preliminary injunction as prayed for. Defendant has appealed.
The record contains the testimony of five witnesses and a stipulation concerning that of a sixth. Relators offered two of their own number as witnesses and the stipulation to the effect that the testimony of the third relator would have been the same as one of those who did testify. Respondent offered the testimony of himself and two other witnesses.
All of the testimony is to the effect that a Mrs. Murphy, whose residence adjoins the property with which we are here concerned, conducts what is described as a truck service and with respondent’s permission uses the property here involved, or a portion thereof, for parking dump trucks and other equipment in connection with the operation of her business. Some of the testimony is also to the effect that equipment is repaired and maintained on the property.
The testimony is conflicting as to whether or not the use of the property was intermittent or continuous and uninterrupted, and is also conflicting on the question of the length of time during which the property was so used.
Relators need only make out a pri-ma facie case to obtain the issuance of a preliminary injunction. Westside Transit Lines v. New Orleans Public Service, La.App., 135 So.2d 278. In City of New Orleans v. Langenstein, La.App., 91 So.2d 114, 119, (also see La.App., 111 So.2d 363), this court said:
“The question whether a preliminary injunction shall issue in a given case addresses itself to the sound discretion of the trial judge. A preliminary injunction is nothing more than an interlocutory judgment or decree, the design of which is to preserve and maintain the existing status pending a hearing of the issues by the court on the merits of the controversy. Ridge Park, Inc., v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128; Foscue v. Mitchell, 185 La. 963, 171 So. 91; Drew v. Town of Zwolle, Sabine Parish, 185 La. 867, 171 So. 59; Palama v. Livaudais, 179 La. 201, 153 So. 691; Harris v. Pierce, La.App., 73 So.2d 330.”
We conclude that there is enough evidence in the record to make out a prima facie case to support the issuance of the preliminary injunction. We purposely avoid passing on the question of whether or not relators have made out anything more than a prima facie case for the reason that we prefer not to prejudge the matter of the permanent injunction in any way. A decision on that portion of the case must await a trial on the merits.
*241 For the reasons assigned, the judgment appealed from is affirmed and the matter is remanded to the trial court for further proceedings on the merits and in accordance with law; costs of this appeal to be paid by respondent, all other costs to await final determination.
Affirmed.