WILLIAM F. WOODS, Judge.
On July 23, 1958, a suit for damages was filed by Joseph Coliara and his insurer, Emmco Insurance Company, against Albert Dickinson and Patricia Dickinson, the alleged minor child of Albert Dickinson. The petition alleges that while operating the automobile of her father, Patricia Dickinson negligently damaged the automobile of Joseph Collara. No answer having been filed, judgment was rendered on November 19, 1959, and signed on November 25, 1959, by the First City Court of the City of New Orleans in favor of the plaintiffs and against both defendants, in solido, in the total amount of $227.55, together with interest and costs. *608 No appeal was ever taken from this judgment.
On March 14, 1960, Albert Dickinson filed a petition to annul this judgment on the ground that the service in the first suit was defective. This case is now awaiting trial on its merits.
On March 23, 1960, Patricia Dickinson filed a petition to annul this judgment and secured a temporary restraining order prohibiting the plaintiffs from enforcing their judgment against her pending the hearing on a rule for a preliminary injunction which was fixed for March 30, 1960.
Patricia Dickinson alleged in her petition that the service of citation in the original suit was defective in that it was served on her brother who lived next door and not on her father personally, as the return of the Deputy Constable of the City Court of the City of New Orleans indicated.
The petition alleged further that at the time of the accident complained of Patricia Dickinson was not a minor but was of the full age of majority.
After a hearing on the rule for a preliminary injunction, a judgment was rendered on April 22, 1960, and signed on April 28, 1960, dissolving the restraining order and refusing the request for a preliminary injunction.
From this judgment Patricia Dickinson has perfected this appeal.
The issues to be decided involve questions of fact which the trial court decided against the appellant.
We think the language used by the court in Brooks v. Chinn, 52 So.2d 583 (Orleans, 1951), to be appropriate here:
“A preliminary injunction is designed to preserve rights pending a trial on the issues of the case on the merits. It is well settled that much latitude is to be given to the trial judge in determining whether he will grant or refuse a preliminary injunction, and his judgment will be disturbed only in cases where there has been a clear abuse of his discretion. Drew v. Town of Zwolle, 185 La. 867, 171 So. 59; Foscue v. Mitchell, 185 La. 963, 171 So. 91; Palama v. Livaudais, 179 La. 201, 153 So. 691.”
We find no abuse of discretion by the trial court and its decision is therefore affirmed at appellant’s cost.