175 So.2d 873 (1965)
Marcel J. SILBERMAN, Plaintiff-Appellant,
v.
Sarah Adeline BEAUBOUEF, William J. Ryder and Fred Redwine, Defendants-Appellees.
No. 1428.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1965.
*874 Gold, Hall & Skye, by Jimmy M. Stoker, Alexandria, for plaintiff-appellant.
Neblett & Fuhrer, by Robert B. Neblett, Jr., Alexandria, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
FRUGÉ, Judge.
Plaintiff, Marcel J. Silberman, part owner and operator of an oil well in Rapides Parish, appeals from a district court judgment insofar as it denies his application for a preliminary injunction. Plaintiff had, on December 9, 1964, obtained a temporary restraining order enjoining defendants from obstructing or embarrassing plaintiff's efforts in removing certain drilling equipment and oil well casing from the location of a certain well which had become nonproductive.
In answer to plaintiff's petition, defendants denied interference with removal of plaintiff's equipment and, by reconventional demand, prayed for an award of attorney fees as the result of wrongful issuance of the temporary restraining order. Hearing on the rule was limited to plaintiff's prayer for injunctive relief, pretermitting defendants' demand for attorney fees. We are here concerned only with the district court's refusal to issue the preliminary injunction.
Testimony at the hearing on the rule shows that plaintiff, as operator of a nonproducing well located on the land of defendant, Mrs. Beaubouef, contracted with Justiss-Mears Oil Company, Inc., for the service of removing tubing and casing from the wellsite. On arriving at the location of the well on or about December 1, 1964, the employees of Justiss-Mears were met by Mrs. Beaubouef, who requested that they see her brother, Mr. William J. Ryder, before removing the equipment. She informed them that there were certain pits on the property resulting from drilling operations which were supposed to be filled before the equipment was moved. She further informed them that her brother had engaged an attorney to handle the matter. The Justiss-Mears employees each testified that this was all done in a courteous manner and that Mrs. Beaubouef did not order them from the property. Since Mr. Ryder could not be contacted at that time, the Justiss-Mears crew left without performing any work.
Mr. Ryder testified that he had told his sister, Mrs. Beaubouef, who is 74 years old, that plaintiff had agreed to fill the pits on the land and that she should have anyone who came to remove the equipment see him. He stated that Mr. Silberman had agreed to have whoever came to remove the equipment present a written authorization that they were to fill the pits.
Mr. Redwine, a neighboring landowner, was apparently joined in the suit as a defendant on the belief by plaintiff that Mr. Redwine had some interest in preventing plaintiff's removal of the equipment. This belief seems to have as its basis a statement by defendants' attorney in a discussion with plaintiff's attorneys that he had been retained to represent Mr. Redwine as well as Mrs. Beaubouef and her brother, Mr. Ryder. The testimony of the Justiss-Mears employees, who went to Mr. Redwine's store to place a telephone call, shows that Mr. Redwine had no objection to the removal of the equipment.
The defendants, Mrs. Beaubouef and Mr. Ryder, now disclaim any objection to the equipment's removal. It is their position that though they would rather that Mr. Silberman had filled the pits on the land before taking the equipment from the location, they did not forbid its removal.
The record contains testimony by the attorneys representing both the plaintiff and the defendants. This testimony is best summarized as being inconclusive as to the question of whether defendants did or bid *875 not recognize plaintiff's right to remove his equipment.
Plaintiff contends that the evidence shows the necessity of obtaining injunctive relief prohibiting interference by the defendants with the removal of plaintiff's equipment.
In denying this relief the trial judge commented that it did not appear that there would be any further interference, if in fact defendants had interfered with plaintiff's efforts, and that Mrs. Beaubouef and Mr. Ryder were in good faith in their actions. He further noted, alluding to Mr. Ryder's testimony concerning the filling of the pits, that the equities of the case were by no means entirely in favor of the plaintiff.
Statutory authorization for injunctive relief is found in LSA-C.C.P. Art. 3601, which provides:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.
"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, in accordance with the provisions of this Chapter.
"Except as otherwise provided by law, an application for injunctive relief shall be by petition."
It has often been stated that the granting or refusal of a preliminary injunction on summary trial of a rule to show causes addresses itself to the sound discretion of the court, since a preliminary injunction is interlocutory in nature and designed to preserve the existing status pending a hearing on the merits. Drew v. Town of Zwolle, etc., 185 La. 867, 171 So. 59; National Car Rental System, Inc. v. City of New Orleans, La.App. 4th Cir., 160 So.2d 601; Emmco Insurance Company v. Dickinson, La.App. 4th Cir., 144 So.2d 607; Westside Transit Line, Inc. v. New Orleans Public Service, Inc., La.App. 4th Cir., 135 So.2d 278.
In the instant case we are unable to find any abuse of the trial judge's discretion in refusing to issue the preliminary injunction. The judgment is accordingly affirmed, cost of appeal to be borne by plaintiff.
Affirmed.