SAMUEL, Judge.
This is a devolutive appeal taken by the City of New Orleans from a judgment granting to the defendant, Delta-By-Products, Inc., a preliminary injunction prohibiting the City from preventing that defendant from entering the city dumps and salvaging material therefrom pursuant to a salvage contract between the City and Delta. The City’s motion for a suspensive appeal was denied by the trial court. The preliminary injunction was applied for and granted in the same proceedings with, and during the pendency of, a suit by the City against Delta and its surety, Maryland Casualty Company, for six monthly payments, in the total amount of $5,000, allegedly due and owing on the salvage contract.
The answers of Delta and Maryland admit the contract, deny any indebtedness and allege, as a special defense, that the contract had been breached by the City in that the latter had failed and refused to take steps to prevent city employees from salvaging material from the city dumps. In addition, Delta reconvened for $30,000, the amount of damages allegedly suffered by that company as a result of the City’s breach. The contract in suit is dated October 10, 1958. Under its terms, in consideration of yearly payments in the amount of $10,001 to be divided into twelve equal parts and paid to the City monthly in advance, the City granted to Delta and its representatives the exclusive privilege of salvaging from the several dumps operated by the City’s Department of Sanitation for a period of 10 years. The contract prohibited city employees from salvaging, except with Delta’s consent. It also provided that, in the event Delta failed to perform any of its obligations under the contract, “ * * * it shall be the duty of the City of New Orleans, through the Director of Sanitation, to notify the members of the Commission Council [City Council] who will immediately place the contractor in default and notify his bondsman of same.”
The suit was filed on March 4, 1964. The answers were filed on March 17, 1964. Thereafter there were some proceedings involving interrogatories and objections thereto and a motion for summary judgment which was denied. On January 22, 1965, while the suit was awaiting trial on its merits, the Director of the City’s department of Sanitation wrote a letter to the defendant advising the latter that it was in default for nonpayment and that the defendants’ agents or employees would not be permitted to salvage under the contract unless the payments due to the date of the letter were received by return mail. Thereafter, without notifying the members *397 of the City Council and without any action by the Council, the Director of the Department of Sanitation did prevent Delta from exercising any salvage rights. Delta then filed its petition for the injunction.
During the trial of the application for the preliminary injunction Delta admitted it had not paid the six monthly payments sought by the original suit. The record also shows that Delta had one subcontract for $200 a month in connection with paper and paper products and other subcontracts with various individuals who picked from the dumps as agents for Delta, selling to Delta the materials thus obtained.
Appellant contends the preliminary injunction was improperly issued for the following reasons: (1) there has been no showing of irreparable injury to Delta and an injunction cannot lie against a party who has cancelled a contract, with or without just cause, where the damages, if any, •can be determined and compensated in money; and (2) an injunction cannot lie to compel one party to perform under a ■contract when, at the same time, the party •demanding performance admittedly has breached the contract by failing to make payments due thereunder.
The simple answers to the first •contention are that the contract in suit has never been cancelled by the City and that Delta will not be able to determine its damages. Even according to the provisions of the contract itself, the Director of the Department of Sanitation was without authority to effect a cancellation and therefore without authority to prevent Delta from exercising its salvage rights. The City 'Council having taken no action towards cancellation, the contract is still in force and effect. The original suit contemplates this fact; the suit being only for unpaid .amounts due at the time the suit was instituted, the City retains the right to sue for payments becoming due subsequent to the 'last payment in suit. Nor can the damages which may be suffered by Delta be ascertained with sufficient certainty as to be compensable in money. If Delta is prevented from entering the dumps it will be unable to determine, with that degree of certainty necessary to support a claim for damages, the amount of salvage lost to it as a result of the action of the Director of the Department of Sanitation.
Practically the same answer applies to appellant’s second contention. Insofar as this appeal is concerned, since the City has not cancelled the contract, only has sued for the monthly payments which were due and unpaid at the time of the filing of the suit, and has, in fact, kept the contract alive, it must abide by the contract and fulfill its obligations thereunder.
The granting of a preliminary injunction is only an interlocutory judgment designed to maintain and preserve the existing status pending a trial of the issues on the merits; the question of whether the preliminary injunction should be granted or refused is one which addresses itself to the sound discretion of the trial court; and in order to obtain the issuance of such an injunction, the petitioner therefor need only make out a prima facie case. Ridge Park v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128; Drew v. Town of Zwolle, 185 La. 867, 171 So. 59; Palama v. Livoudais, 179 La. 201, 153 So. 691; Cusimano v. Sigur, La.App., 143 So.2d 239; Westside Transit Lines v. New Orleans Public Service, La.App., 135 So.2d 278; City of New Orleans v. Langenstein, 91 So.2d 114 (also see 111 So.2d 363).
In the instant case we conclude the trial judge has not abused his discretion; to the contrary, we find the evidence fully justifies the issuance of the preliminary injunction.
The judgment appealed from is affirmed.
Affirmed.