306 So.2d 918 (1975)
Mr. and Mrs. Lewis C. PICARD et al., Plaintiffs and Appellees,
v.
Louis CHOPLIN, Sr., Defendant and Appellant.
No. 4815.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Rehearing Denied February 10, 1975.
Fredric G. Hayes, Lafayette, for defendant-appellant.
John A. Jeansonne, Jr., Bennett J. Gautreaux, Lafayette, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
Plaintiffs in this suit are seeking to enjoin the defendant from obstructing the use of what is allegedly a public thoroughfare, situated in Lafayette Parish, Louisiana, *919 known as the "Lewis Picard Road". From a judgment granting a preliminary injunction, the defendant has appealed.
Plaintiffs are nine families who live or own property along the aforementioned road. They filed this suit alleging that the "Lewis Picard Road" was created by Acts of Dedication[1] (dated May 19, 1964, and June 24, 1965, and thereafter recorded in the Parish public records) and that the road was maintained as a public thoroughfare by the Parish of Lafayette for a period in excess of three years prior to the date suit was filed. It is further contended that on or about April 25, 1974, the defendant constructed or caused to be constructed a fence or barrier across the road, preventing the usual and customary use thereof by pedestrian and vehicular traffic. Plaintiffs maintain that this denial of access to their homes and properties, through the erection of the barrier, occasioned them irreparable loss and injury.
Defendant in turn alleges that (1) the trial court erred in granting the injunction because no irreparable injury took place, due to the fact that plaintiffs had access from other roads, and (2) a pending jury trial in another suit (to determine the ownership of said property) should have first been concluded.
The jurisprudence has clearly established a distinction between a preliminary injunction and a permanent injunction. A preliminary injunction is interlocutory in nature and designed to preserve the status quo until a determination can be made on the merits of the controversy. Consequently a preliminary injunction may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would suffer irreparable injury if the same is not granted. On the other had, a permanent injunction requires a preponderance of the evidence to support its issuance. Ridge Park, Inc. v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128 (1946); Employers Overload Company v. Employers Overload Company of New Orleans, 266 So.2d 546 (La.App. 4th Cir. 1972), writ refused 263 La. 375, 268 So.2d 260 (1972); Melancon v. Assumption Parish Police Jury, 231 So. 2d 690 (La.App. 1st Cir. 1970); Cloud v. Dyess, 172 So.2d 528 (La.App. 3rd Cir. 1965).
The trial judge has broad discretion in determining whether to grant or refuse a preliminary injunction and his decision will be disturbed only in cases where a clear abuse of this discretion has been shown. Melancon v. Assumption Parish Police Jury, supra; City of New Orleans v. Delta-By-Products, Inc., 177 So.2d 395 (La.App. 4th Cir. 1965); Silberman v. Beaubouef, 175 So.2d 873 (La.App. 3rd Cir. 1965).
Considering all of the above, we think the plaintiffs have made a "prima facie" showing and that the trial judge acted within the bounds of his discretion in granting the preliminary injunction. Defendant's specifications of error lack merit. It was stipulated at trial that one of the plaintiffs (rather than all) had other means of access to his home and land. In addition, the question of who owned the land, which was disputed, could only be determined after a full hearing on the merits (which apparently was pending). Prior to this time the trial court issued the preliminary injunction, which it deemed necessary to prevent irreparable injury that might be occasioned to the plaintiffs in the interim.
The judgment appealed from is affirmed at defendant-appellant's costs.
Affirmed.
NOTES
[1] Defendant admitted, in answer to plaintiffs' original petition, that the Acts of Dedication, as alleged, were recorded.