JaSHORTESS, Judge.
Tommy Lockhart, Ricky Dupuy, and Tony Ellis (plaintiffs),[1] three commercial *300 truck drivers, filed suit against the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles (defendant),[2] seeking expungement of various traffic violations' shown on their driving records. Plaintiffs contended at trial they were entitled to expungement because they had never been “convicted” of the offenses charged. They argued they had simply paid fines because it was inconvenient for them to appear in court due to their occupations and thus the offenses should not appear on their driving records.
The trial court did not accept this argument; . it found they were not entitled to expungement. However, sua sponte, the court enjoined defendant from using as evidence in any civil proceeding involving suspension or revocation of driver’s licenses any of plaintiffs’ citations or tickets to which they pleaded nolo contendere or forfeited bond. It based the injunction on Louisiana Code of Evidence article 410(A)(2), which prohibits the use of nolo pleas in subsequent civil proceedings. The court found the payment of a traffic fine was something less than a nolo plea and reasoned that the legislature did not intend for payment of a fine or forfeiture of a bond to be considered a conviction for purposes of suspending driver’s licenses. Defendant appeals.
Defendant complains the application of Code of Evidence article 410(A)(2) was not raised at trial. Had it been, defendant states it would have countered with Louisiana Revised Statute 32:414.2(D), which includes forfeiture of bail and the entry of guilty or nolo pleas in the definition of “conviction.”
|3We need not address the merits of defendant’s appeal because of the procedural posture in which it comes before us. After a hearing on the sole issue of whether these traffic violations should be expunged from plaintiffs’ records, the trial court issued a permanent injunction. Injunction is a harsh, drastic, and extraordinary remedy.[3] Louisiana Code of Civil Procedure article 3601 provides an injunction may issue only in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in cases specifically provided by law. Furthermore, it may issue only after a trial on the merits, at which the applicant must prove entitlement thereto by a preponderance of the evidence.[4]
Plaintiffs herein did not ask for an injunction and thus made no attempt to prove irreparable harm or other legal entitlement to an injunction. The trial court made no finding that irreparable harm would result if these traffic offenses were used against plaintiffs in proceedings to suspend or revoke their driver’s licenses, and there was no trial on the merits on whether defendant should be enjoined. We find the injunction was improperly issued, and the trial court’s judgment must be reversed.
For the foregoing reasons, we reverse the judgment of the trial court enjoining the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles from using as evidence in any civil proceeding involving suspension or revocation of driver’s licenses any of plaintiffs’ citations or tickets to which they pleaded nolo contendere or forfeited bond, and we render judgment in defendant’s favor, dismissing plaintiffs’ *301 claims against it.[5] costs. Plaintiffs are cast for all
REVERSED AND RENDERED.

. A fourth truck driver, Matt McElveen, filed a separate suit seeking the same relief on the same grounds. Plaintiffs' counsel orally moved to have the cases consolidated for trial. The trial court stated that under the local rules it could *300 not do so unilaterally because McElveen’s case was assigned to another division. The court permitted McElveen to testily, accepted the suit record in his case as an exhibit, and permitted his driving record to be filed into evidence. However, judgment was rendered only as to the three plaintiffs in the original suit.

.Plaintiffs also named the Office of District Attorney, 21st Judicial District Court, Parish of Livingston, State of Louisiana (the D.A.), as a defendant but moved to voluntarily dismiss it at the beginning of trial. On May 21, 1996, the trial court signed two judgments, one prepared by plaintiffs’ counsel and another prepared by defendant’s counsel. We note neither judgment dismisses the D.A., and the judgment prepared by plaintiffs’ counsel casts the D.A. in judgment equally with defendant. The D.A. did not appeal.

. Lassalle v. Daniels, 96-0176, p. 8 (La.App. 1st Cir. 5/10/96), 673 So.2d 704, 709, writ denied, 96-1463 (La. 9/20/96), 679 So.2d 435, cert. denied, - U.S. -, 117 S.Ct. 963, - L.Ed.2d -(1997).

. Picard v. Choplin, 306 So.2d 918, 919 (La.App. 3d Cir.1975).

. The judgment prepared by defendant’s counsel also denied plaintiffs’ request for expungement. Plaintiffs did not appeal that portion of the judgment.