HERGET, Judge.
On April 3, 1961 Guaranty Bank and Trust Company obtained an order for ex-ecutory process seeking foreclosure on a note dated August 28, 1959 in the original amount of $4,600 which had been executed in connection with a collateral mortgage on 182.35 acres of land in Tangipahoa Parish, Louisiana by Monroe Lebo. The mortgage was attached to a hand note for a like amount of $4,600 payable at the rate of $110 per month, plus interest at the rate of 7% per annum beginning October 15,1959. The mortgage contains the usual clauses, including confession of judgment and acceleration clause. Mr. Lebo made regular monthly payments on the loan until his death on May 26, 1960 reducing the principal amount of the note to $3,720; since his death, no payments having been made, the bank instituted the foreclosure proceeding.
Mrs. Irene McClendon Lebo, the surviving spouse of Monroe Lebo, filed a petition to enjoin the foreclosure proceeding and was joined in said action by William J. Lebo, a son of Mr. Monroe Lebo by a prior marriage. In their petition for an injunction allegations were made that one of the officers of the Guaranty Bank and Trust Company was also an agent for Standard Life Insurance Company of the South who induced Monroe Lebo to obtain a policy of life insurance in the amount of $4,600 with a loss payable clause in favor of the bank to insure the loan forming the basis of this foreclosure proceeding; that on June 27, 1960 Mrs. Lebo received a letter fromoGuar-anty Bank and Trust Company, as follows:
“We enclose our Cashiers check for $156.00 being premium refund on $4,-600.00 life insurance coverage issued August 28, 1959, on life of Monroe Lebo. The insurance claim has been disallowed based on information contained in doctor’s report that Mr. Lebo was not in sound health at the time insurance was issued. The note can be paid out on same schedule.”
*744 After trial of the injunction suit the Trial Court, for oral reasons assigned on May 9th, 1961 which reasons were typewritten and filed in the record on July 18, 1961, rendered judgment in favor of Mrs. Irene McClendon Lebo and against Guaranty Bank and Trust •Company “ * * * ordering the issuance of the preliminary injunction in this case, enjoining and restraining the plaintiff and the Sheriff of Tangipahoa Parish from selling or attempting to sell or offering for sale the property described in the act of mortgage annexed to the original petition, the said preliminary injunction to issue without bond.”
It is from this judgment that the Guaranty Bank and Trust Company appealed to this Court.
The executory proceeding instituted by the bank under the provisions of LSA-C.C. P. Article 2631 et seq., and especially in accordance with LSA-C.C.P. Art. 2671, reading as follows:
“When a mortgage or privilege has been granted on community property to secure an obligation of the community, and one of the spouses in community has died subsequently, an executory proceeding to enforce the mortgage or privilege may be brought against the surviving spouse in community. It shall not be necessary to make the succession representative, heirs, or legatees of the deceased spouse parties to the proceeding.”
appears to have been properly instituted by the bank under the law.
In the injunction suit no question has been raised as to: (1) the maturity of the obligation of Mr. Lebo to the bank; (2) his confession of judgment in the act of mortgage; (3) there being a balance due and owing on the note, and (4) the procedure followed by the bank in the foreclosure proceeding under executory process not being proper. From our examination of Mrs. Lebo’s petition it is her contention that the insurance company is obligated to pay the balance due on the note and the bank is estopped from avoiding the insurance policy. We are of the opinion that any action Mrs. Lebo may have against the insurance company resulting from the failure of the insurance company to pay the policy can in no way affect the right of the bank to proceed with the foreclosure of its mortgage.
LSA-C.C.P. Art. 2751, provides in general terms the grounds on which the seizure and sale in an executory process action may be arrested by injunction, as follows:
“The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.”
None of the defenses set forth in this article have been urged by Mrs. Lebo.
Further, LSA-C.C.P. Art. 2753 provides for the issuance of injunctions arresting seizures and sales without furnishing bond in certain instances, to-wit:
“The original debtor, his surviving spouse in community, heirs, legatees, and legal representative are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:
“(1) The debt secured by the mortgage or privilege is extinguished or prescribed;
“(2) The enforcement of the debt secured by the mortgage or privilege is premature, either because the original term allowed for payment, or any extension thereof granted by the creditor, had not expired at the time of the institution of the executory proceeding;
“(3) The act evidencing the mortgage or privilege is forged, or the debt- *745 or’s signature thereto was procured by fraud, violence, or other unlawful means;
“(4) The defendant in the executory proceeding has a liquidated claim to plead in compensation against the debt secured by the mortgage or privilege; or
“(5) The order directing the issuance of the writ of seizure and sale was rendered without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic.”
We therefore are of the opinion that the order for the preliminary injunction was improvidently issued, and judgment is rendered herein reversing the judgment of the Trial Court and ordering a dissolution of the injunction and further ordering that the executory process prayed for by Guaranty Bank and Trust Company in this suit against Mrs. Irene McClendon Lebo issue in accordance with law.
Reversed and rendered.