LOTTINGER, Judge.
Petitioner, First National State Bank of New Jersey, filed a petition for executory process against defendants, Nancy Riggs Barker, wife of/and David H. Barker (deceased), in foreclosure of a certain mortgage on real property. The defendant, Mrs. Barker, filed petition to enjoin the seizure and sale, and a temporary restraining order issued below. Upon hearing on preliminary injunction, the court held in *771 favor of defendant and granted the temporary injunction. Petitioner has taken this appeal.
The facts disclose that on June 13, 1963, the Barkers executed a mortgage on real estate in the sum of $25,000.00 in favor of the American Mortgage Corporation, hereafter referred to as American. Apparently the mortgagors were instructed to make payments on this obligation to Pringle-Associated Mortgage Corporation, hereafter referred to as Pringle, and Mr. Barker thereafter made monthly payments on the obligation to said corporation until his death on February 9, 1969. In addition to the monthly payments on the note, Mr. Barker paid a monthly premium of $7.92 which was listed on his monthly payment card as “mortgage insurance”.
Mrs. Barker contends that her husband died from accidental causes, and, following his death, forwarded affidavits from five doctors to Pringle, which she believed to be the mortgagee, requesting that the mortgage be canceled, as Mr. Barker’s death was accidental. Upon receipt of this request, Pringle wrote the attorney for Mrs. Barker stating:
“We are ordering pay-off figures on this account. Upon receipt of this (sic) figures, we will forward all correspondence to Mr. Max Landry in our New Orleans office. Mr. Landry should contact shortly and send you the necessary papers for the loan to be paid in full.”
The insurer, Old Republic Life Insurance Company, hereafter referred to as Republic, failed to pay-off on its policy, and Pringle attempted to repudiate its acknowledgment and demanded that the obligation be revived by a resumption of payments. Mrs. Barker refused to make these payments, contending that the obligation was extinguished under the terms of the insurance policy, and executory process was filed by petitioner which was then, for the first time revealed to Mrs. Barker as the real mortgagee.
Mrs. Barker petitioned for an injunction naming as defendants, therein, Republic, Pringle and petitioner. The Lower Court granted the temporary restraining order, and after hearing on the preliminary injunction, same was issued. Petitioner, First National, has taken this appeal.
The petitioner alleges error on the part of the Lower Court as follows:
1. Defendant failed to set forth any of the exclusive grounds listed in Article 2751 of the Louisiana Code of Civil Procedure for arresting the seizure and sale under executory process.
2. A cause of action against an insurer for failure to pay a life insurance policy payable to mortgagee does not effect the right of the mortgagee to proceed with foreclosure of the mortgage, and such failure to pay on the part of the life insurer does not constitute proper grounds for the issuance of an injunction in foreclosure proceedings.
Article 7 of the petition for injunction provides in part that:
“ * * * there is no obligation presently due and owing by the surviving spouse and heirs of the late David H. Barker to National State Bank of Newark or its assignor American Mortgage Corporation and/or Pringle-Associated Mortgage Corporation.”
This allegation on the part of defendant clearly sets forth the extinguishment of the obligation and, therefore, brings the proceeding within the provisions of Article 2751 of the Code of Civil Procedure.
With regard to the second contention on the part of petitioner, i. e., that a cause of action against an insurer for failure to pay a life insurance policy payable to mortgagee, does not affect the right of the mortgagee to proceed with foreclosure of the mortgage, petitioner cites Guaranty Bank and Trust Company v. Lebo, 143 *772 So.2d 743, which was decided by this Court during the year 1962. Our appreciation of the holding in said case was to the effect that none of the defenses set forth in Article 2751 had been urged in the petition for injunction filed therein. This, of course, distinguishes the Lebo case from the one now before us. Another point upon which the two cases may be distinguished is that in the Lebo case the life insurance policy was apparently issued to Mr. Lebo with a loss payable clause in favor of the bank. The certificate of insurance which is filed in the record lists David H. Barker as the owner thereof and Pringle as the policy holder. The monthly insurance premium was a part of the mortgage payment. Pringle was apparently the agent for collection on the mortgage both for the original mortgagee, American, and its assignee, National. This agency relationship was further evidenced by the letter written April 2, 1969, in which Pringle indicated to Mrs. Barker that the loan would be paid by the insurance company. It appears that the first she knew that such would not occur was when the executory proceeding was filed.
Article 3601 of the Louisiana Code of Civil Procedure provides that an injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specially provided by law. There is no question but that Mrs. Barker will suffer irreparable injury unless the sale is enjoined pending a full and final hearing between the parties involved. Article 3601 further provides that during the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction or both. Article 3602 provides that the hearing on a preliminary injunction shall be held not less than two nor more than ten days after service of the notice. Both the temporary restraining order and the preliminary injunction are interlocutory in nature and serve to maintain the status quo until a final hearing might be had upon the trial for the permanent injunction.
In City of New Orleans v. Delta-ByProducts, Inc., La.App., 177 So.2d 395, the court said:
“The granting of a preliminary injunction is only an interlocutory judgment designed to maintain and preserve the existing status pending a trial of the issues on the merits; the question of whether the preliminary injunction should be granted or refused is one which addresses itself to the sound discretion of the trial court; and in order to obtain the issuance of such an injunction, the petitioner therefor need only make out a prima facie case.”
The Lower Court was correct in issuing the preliminary writ of injunction and, accordingly, its judgment will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by appellant.
Judgment affirmed.