BLANCHE, Judge
(dissenting).
By its decision the majority has held in effect that the mere existence of a creditor life insurance policy ipso facto gives rise to extinguishment of the debt secured by a mortgage upon the death of the mortgagor-insured. Such a decision is erroneous.
In opposition to this foreclosure proceeding under executory process brought by the mortgagee, the surviving widow successfully obtained a preliminary injunction of the seizure and sale, without furnishing bond and, therefore, pursuant to Code of Civil Procedure Article 2753, which enumerates five exclusive grounds for such injunctive relief. Counsel for appellee contends that the preliminary injunction was proper to avoid alleged irreparable injury, counsel contending that the grounds enumerated in Code of Civil Procedure Article 2751 are not exclusive, which contention has been sanctioned by the majority. It is clear, however, that the temporary restraining order and preliminary injunction in *773 these proceedings were not issued pursuant to Article 2751, which would have required appellee to furnish security therefor, but rather were granted by the courts’ order expressly pursuant to Article 2753 so as to obviate the furnishing of security.[1] Code of Civil Procedure Article 2754 makes it obvious that no temporary restraining order will be allowed to arrest seizure and sale in an executory proceeding except where the temporary restraining order is sought on the basis of one of the five specific and exclusive grounds enumerated in Article 2753.
An examination of the proceedings reflects that the grounds stated in paragraphs (3) through (5) of Article 2753 are inapplicable. Paragraph (2) of Article 2753 dealing with prematurity of enforcement of the debt either because the original term allowed for payment or an extension thereof granted by the creditor had not expired at the time the executory proceeding was instituted, is likewise inapplicable as evidenced by an examination of the record. This writer will concede that had these executory proceedings been instituted before the surviving widow was clearly apprised that the creditor life insurer had denied coverage, and had the surviving widow relied to her detriment on representations by the mortgagee or Pringle, its agent, for payment without giving the surviving widow an opportunity to bring the mortgage payments up to date, there could be ground for issuing the preliminary injunction on the basis of an implied extension of time. The brief of counsel for appellee reflects, however, that these ex-ecutory proceedings were not instituted until three months after Pringle advised the surviving widow and the attorney representing her late husband’s succession in writing that the insurer had denied coverage. Counsel contends that the widow could not alter her position by resuming monthly payments so as to disavow the medical testimony and to revive the extinguished obligation, but this contention is without merit inasmuch as such payments could have been made under protest and with an express reservation of rights. It is clear that in no way was the surviving widow lulled into a false sense of security with regard to the status of the indebtedness secured by the mortgage nor was there any implied extension of time for performance granted by the mortgagee. Accordingly, paragraph (2) of Article 2753 is inapplicable.
The sole remaining ground for this temporary restraining order and preliminary injunction, therefore, is contained in paragraph (1) of Article 2753, which provides that injunctive relief may be sought when “the debt secured by the mortgage or privilege is extinguished or prescribed.” No question of prescription exists, and, accordingly, the determinative question is whether the debt secured by this mortgage is extinguished. The only contention in support of such extinguishment is the argument that the existence of the creditor life insurance policy operates to extinguish the debt secured by the mortgage upon the death of the mortgagor-insured. This contention is without merit.
Civil Code Article 2130 enumerates nine specific ways that an obligation is extinguished in law, none of which is applicable. For example, the first enumerated method of extinguishment — payment—is inapplicable since Civil Code Article 2131 defines “payment” as the delivery of money or the performance of that which the parties undertook. In this case there has certainly been no payment by the insurance company since there has been no delivery of money or performance of the obligation undertaken by the creditor life insurer. This insurer may be in error in its con *774 tention that it is not liable under the terms of the policy so as to give rise to an obligation on the part of the insurer to pay, but such obligation to pay cannot be deemed payment. Similarly, the other remaining eight enumerated methods of extinguishment are inapplicable.
This Court held in Guaranty Bank and Trust Company v. Lebo, 143 So.2d 743 (La.App. 1st Cir. 1962), that the alleged obligation of a creditor life insurer to pay the balance owed on a debt secured by a mortgage did not operate to extinguish the debt or entitle the surviving widow and children to enjoin the seizure and sale in an executory proceeding. The same ruling should obtain in this case.
The majority purports to distinguish the Lebo case on the ground that the surviving widow and heirs therein alleged no specific ground for enjoining the seizure and sale, whereas in the instant case the surviving widow has alleged that the debt secured by the mortgage is extinguished by virtue of the alleged obligation of the creditor life insurer to pay the balance owed thereon. This writer is satisfied that the statement emphasized by the majority herein amounts only to a judicial determination that the contention of the surviving spouse and heirs relative to the obligation of the insurance company to pay did not amount in law to an extinguishment of the debt secured by the mortgage, and inasmuch as the other specific grounds for enjoining the seizure and sale were not invoked, the surviving widow and heirs were not entitled to a preliminary injunction.
It is obvious that the mere existence of a policy of creditor life insurance does not ipso facto give rise to an extinguishment of the debt secured by the mortgage upon the death of the mortgagor-insured. Instead, there are simply two different contracts and different resulting rights involved in such a situation, and the existence of the insurance policy does not operate to preclude the mortgagee from enforcing its rights. It would be obvious, for example, that the existence of a policy of creditor life insurance underwritten by an insolvent or bankrupt insurance company would not operate to extinguish a debt secured by the mortgage merely upon the death of the mortgagor-insured. Where heirs of a deceased mortgagor have been expressly advised by the creditor life insurer of its denial of liability, they cannot, nevertheless, set up their possible contract rights against this insurer as a justifiable ground for avoiding the consequences of nonpayment of the debt secured by the mortgage and enjoin an executory proceeding brought by the mortgagee which has not received payment in accordance with its contract rights. In such a case the heirs or surviving widow must continue to perform as required by the contract giving rise to the mortgage or suffer the consequences of foreclosure. The judgment of the trial court granting a preliminary injunction is erroneous and should be reversed.
I respectfully dissent.
Rehearing denied.
Blanche, J., dissents from the refusal to grant a rehearing.

. The pertinent part of the trial court’s order confirming this observation reads as follows:
“IT IS FURTHER DECREED that in accordance with Article 2753 of the Code of Civil Procedure the petitioner [appellee] is not required to furnish security for the issuance of this temporary restraining order.” (Record, p. 24)