STOKER, Judge.
This matter involves an executory proceeding. The action is before this court on a writ application filed by the plaintiff, Bank of Coushatta. The bank seeks review of a decision of the Tenth Judicial District Court, Natchitoches Parish, which enjoined an executory proceeding filed by the plaintiff against the defendant, Willie Q. Hodges. The plaintiff is the holder of a chattel mortgage note executed by the defendant. The note is secured by a chattel mortgage on the defendant’s 1982 Lincoln Town Car. The plaintiff filed the exec-utory proceeding to have the mortgaged automobile seized and sold to satisfy the defendant’s delinquent loan obligation.
The defendant filed a petition to enjoin the executory proceeding setting forth that he is the plaintiff in a suit against Fidelity Life Insurance Company, filed in the Thirty-ninth Judicial District Court, Red River Parish. Fidelity is the credit life insurer which insured payment of the mortgage note in the event that defendant should become disabled. The basis of defendant’s suit against Fidelity is that he is disabled *583 and entitled to payment under the policy. It is defendant’s contention in the injunction suit that the plaintiffs executory proceeding is premature and plaintiff should not be allowed to enforce the note and mortgage until the suit against Fidelity is resolved. Based upon the allegations of the petition the trial court ordered that a temporary restraining order be issued and that a hearing be held to determine whether the temporary restraining order should be continued in the form of the preliminary injunction.
The plaintiff answered the defendant’s petition and reconvened seeking damages and attorney’s fees as a result of the wrongful issuance of the temporary restraining order. After the hearing, the trial court ordered that the preliminary injunction issue (1) restraining the sale of the vehicle, (2) restoring possession of the vehicle to defendant upon posting bond and (3) precluding the plaintiff from pursuing its executory proceeding until the suit by defendant against Fidelity Life Insurance Company becomes final. The trial court also denied the plaintiff’s demand for damages.
The plaintiff thereafter filed an application for supervisory writs which was granted by this court, and the case was called up for briefing, argument and opinion. All proceedings below were stayed by order of this court.
WAS THE GRANTING OF A PRELIMINARY INJUNCTION PROPER?
The plaintiff asserts that the trial court committed error in granting a preliminary injunction and in denying plaintiff’s damages for wrongful issuance of the temporary restraining order. It is plaintiff’s contention that, whether or not it acted as agent in financing and collecting an insurance premium as part of a loan transaction, it cannot be precluded from exercising its right to executory process because of a dispute between the insurer and defendant over defendant’s alleged disability. The defendant has alleged no negligent or wrongful acts on the plaintiff’s part with regard to the insurance policy and plaintiff argues that it had no control over decisions of the insurance company whether or not to pay claims.
The plaintiff clearly has the power to act as an agent for an insurance company in selling credit insurance and collecting premiums for that insurance. LSA-R.S. 6:242, subd. A(6). As stated previously, defendant has made no allegation that plaintiff acted negligently in that capacity. The plaintiff simply sold the credit insurance to defendant and financed and collected the premiums. There is no evidence that plaintiff acted as agent for the insurer in matters concerning the determination of disability or the granting or denial of benefits.
The defendant-respondent relies on the case of First National State Bank of New Jersey v. Barker, 234 So.2d 770 (La.App. 1st Cir.1970) in support of its position that he is entitled to enjoin the plaintiff’s exec-utory proceeding. The plaintiff-relator argues that the case of Guaranty Bank & Trust Company v. Lebo, 143 So.2d 743 (La.App. 1st Cir.1962) is controlling. Both cases dealt with similar factual circumstances arising out of credit insurance policies issued to the decedents-obligors. In Lebo the insurer refused to pay benefits on the decedent’s death. In Barker the insurer also refused to pay the benefits on the death of Mr. Barker, an insured mortgagor. The cases were decided by two different panels of the First Circuit Court of Appeal, some eight years apart. In Lebo the court held that Mrs. Lebo failed to set forth any grounds for the issuance of an injunction as required by LSA-C.C.P. arts. 2751 and 2753,[1] therefore she was not enti- *584 tied to enjoin the bank’s executory proceeding because the insurance company was obligated to pay the balance due on the note. The court was of the opinion that “any action Mrs. Lebo may have against the insurance company resulting from the failure of the insurance company to pay the policy can in no way affect the right of the bank to proceed with the foreclosure of its mortgage.” Lebo at 744.
In the Barker case the widow of Mr. Barker contended that the mortgage obligation was extinguished under the terms of the insurance policy. In her petition for injunction she alleged “there is no obligation presently due and owing” to the mortgagee or mortgagees. The Court of Appeal affirmed the trial court’s issuance of a temporary injunction on the ground that this allegation set forth a claim of extinguishment which is one of the allegations which will support issuance of an injunction under LSA-C.C.P. art. 2751. The majority in Barker distinguished Lebo on the ground that in Lebo “none of the defenses set forth in Article 2751 had been urged.” In Barker the Court of Appeal also sought to distinguish the two cases on equitable grounds stemming from the fact that an agent collected the mortgage payment (which included the life insurance premiums) and the agent had at one time advised Mrs. Barker that the mortgage would be paid off and that she was not advised to the contrary prior to the filing of the executory proceeding.
Judge Blanche dissented from the majority’s holding stating that the ruling in Lebo should apply to Barker. We are inclined to agree with the position set forth in the dissent. In any event, if the two cases are not distinguishable, we choose to follow Lebo rather than Barker as we consider the result reached in Lebo was correct.
After careful review of the pleadings and argument in the record before us, we hold that the defendant failed to set forth any grounds to enjoin the plaintiff’s executory proceeding and the trial court committed error in granting the preliminary injunction. We find the holding in Lebo is applicable to the case before us.
DAMAGES AND ATTORNEY’S PEES LSA-C.C.P. art. 3608 provides that:
“The court may allow damages for the wrongful issuance of a temporary re *585 straining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
The plaintiff argues that it is entitled to damages as follows:
1) Attorney’s fees incurred in conjunction with the hearing on the rule for the preliminary injunction and plaintiff’s re-conventional demand;
2) Additional costs to re-advertise the sale of the automobile;
3) Additional cost to store the automobile after a second seizure; and
4) Additional costs to re-serve the petition and notice of seizure.
The only proof of costs are contained in a letter from the sheriff’s department to the clerk of court which is part of the record below. The costs for which the plaintiff was liable to the sheriff were as follows:
Norman A. Fletcher, Sheriff.$ 89.00
The Natchitoches Times. 10.00
Sheriff Buddy Huckaby. 15.42
Smith’s Garage. 185.00
Total.. .$299.42
While the award of damages is discretionary with the trial court, the trial court was not called upon under its ruling to make an award. Because we find, and so hold, that the preliminary injunction was wrongfully issued, we have determined that the plaintiff is entitled to damages without necessity of a remand. Accordingly, we award the plaintiff the amount of $299.42 as additional costs involved in the reissuance of the writ of seizure and sale in its executory proceeding and $750 as reasonable attorney’s fees.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and the preliminary injunction issued by the trial court is ordered dissolved. The plaintiff-relator is additionally awarded damages in the amount of $299.42 as costs and $750 reasonable attorney’s fees. The cost of this proceeding is assessed to the defendant-respondent.
REVERSED AND RENDERED.

. The articles referred to read as follows:
Art. 2751. Grounds for arresting seizure and sale; damages
The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is 525So.2d — 15 legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
In the event injunctive relief is granted to the defendant, if the court finds the seizure in the executory proceeding to be wrongful, it may allow damages to the defendant. Attor *584 ney's fees for the services rendered in connection with the injunction may be included as an element of the damages.
Art. 2753. Security not required in certain cases
A.The original debtor, his surviving spouse in community, heirs, legatees, and legal representative are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:
(1) The debt secured by the mortgage or privilege is extinguished or prescribed;
(2) The enforcement of the debt secured by the mortgage or privilege is premature, either because the original term allowed for payment, or any extension thereof granted by the creditor, had not expired at the time of the institution of the executory proceeding;
(3) The act evidencing the mortgage or privilege is forged, or the debtor's signature thereto was procured by fraud, violence, or other unlawful means;
(4) The defendant in the executory proceeding has a liquidated claim to plead in compensation against the debt secured by the mortgage or privilege; or
(5)The order directing the issuance of the writ of seizure and sale was rendered without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic.
B. Notwithstanding any of the provisions of this Chapter to the contrary, a claim or an action in redhibition shall not be grounds for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, without security as provided by law.
C. Notwithstanding any of the provisions of this Chapter to the contrary, a claim that the attorneys fees established in the mortgage or' privilege to be enforced are unreasonable shall not be grounds for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale. Any such claim may only be urged either:
(1) Prior to tíie sale by means of a rule to show cause filed not later than ten days, exclusive of holidays, prior to the sale, and tried summarily prior to the date of the sale, or
(2) In conjunction with a proceeding seeking a deficiency judgment to satisfy the debt for which the property was sold.