## THOMAS W. CHINN, for the use of, &c., *v.* PIERRE BLANCHARD.

Possession is a fact and not a right; and although resort may be had to the title to show the extent of the possession, the fact of possession itself must be ascertained without regard to the nature of the title under which the parties claim.

Damages may be allowed in a possessory action for a tortuous possession.

APPEAL from the District Court of West Baton Rouge, *Burk,* J.   W. B. *Robertson,* for plaintiff.   *T. G. Morgan,* for defendant.   The judgment of the court was pronounced by

ROST, J. This is a possessory action, in which the plaintiff also claims damages. Both parties claim to possess under metes and bounds, according to the calls of written titles.   Each show a previous actual possession of a part of their respective tracts.   But the portion over which their possessions lap is woodland, and has never been in the actual possession of either.   There was judgment in favor of the plaintiff for the possession, and one hundred dollars damages.   The defendant has appealed.

The defendant's counsel argues, that as the land, the possession of which is in controversy, has never been in the actual *possession* of either party, resort must be had by both to their titles to show the extent of their civil possession ; and that, as those titles are introduced and relied upon by them, the party showing the superior title must be maintained in possession. The defendant possesses under a patent from the United States, a title superior in dignity to that of the plaintiff.

The position assumed by the defendant's counsel cannot be maintained.   We have often held that possession is a fact and not a right; and that although resort may be had to the title to show the extent of the possession, the fact of possession itself, when it is at issue, must be ascertained without regard to the nature of the title under which the parties possess.

The only question before the district judge in this case was, which of the two parties had shown the most conclusive and frequent acts of possession during the year which preceded the institution of the suit.   This is a question of fact, resting on the testimony of witnesses known to him and examined in his presence.   Their evidence authorizes the conclusion to which he came; and we cannot interfere with the judgment.

It is urged, that in a possessory action, the question of possession is alone to be inquired into, and that no damages can be allowed under it. The counsel has not favored us with any authority in support of this position, and we are unable to perceive why, under our liberal system of practice, damages sustained in consequence of the tortuous possession of the defendant in a possessory action should not be recoverable under it. The damages claimed in this case do not appear excessive.

The judgment is therefore affirmed, with costs.