EDWARD M. MILLARD *v.* SOSTHÈNE N. RICHARD.

To sustain a possessory action, it is incumbent upon the plaintiff to prove that he had the real and actual possession of the property at the instant when the disturbance occurred, and that he has suffered a real disturbance either in fact or in law, within a year before the suit was brought.

A transferee of a preemption claim to a quarter section of land belonging to the United States, unsurveyed and undefined, except that his transferor in the deed locates it in a certain township, giving him no limits, can have no civil or constructive possession under such a transfer ; he possesses inch by inch only so far as he cultivates and encloses.

APPEAL from the District Court of the Parish of St. Landry.   *Martel,* J.   *J. H. Overton,* for plaintiff and appellant.   *C. H. Mouton,* for defendant.

SPOFFORD, J.   This is a possessory action relative to a tract of land.   There was a judgment for the defendant, and the plaintiff has appealed.

The view we have taken of the case renders it unnecessary to notice the bills of exceptions.

It was incumbent upon the plaintiff to prove that he had the real and actual possession of the property *at the instant when the disturbance occurred,* a mere civil or legal possession not being sufficient, and that he had suffered a real disturbance either in fact or in law, *within a year before suit was brought.*   C. P. 49.

The evidence fails to show these necessary facts.   The plaintiff possesses the land claimed by him, not as owner *in presenti,* but as the transferee of a right of preëmption to a quarter section of land belonging to the United States Government, unsurveyed and undefined, except that his transferor stated in the deed that it was situated " on the Bayou Bourbeux, in the woods adjoining the prairie Grand Coteau, in Township No. 7, south of Range No. 4 East." This title gave him no limits.   He can have no constructive or civil possession under it.   He possesses inch by inch only so far as he cultivates and encloses.

Now, it does not appear that the defendant has, within a year before suit brought, disturbed the plaintiff in his possession of any land then under enclosure or cultivation by him.

The judgment in favor of the defendant is, therefore, affirmed, with costs.