MONROE, J.
Plaintiff asserts ownership and actual possession in himself and his authors, for many years, of a tract of land in the parish of St. Tammany, and alleges that the defendants are slandering his title and otherwise disturbing his possession, and he prays that they be enjoined from so doing, and that he have judgment for damages. Defendants deny the alleged possession of the plaintiffs, set up title and possession in themselves, plead various terms of prescription (particularly that of one year as against a possessory action), and pray that the suit be dismissed. On the trial counsel for plaintiff offered and filed an act of sale from E. *347 M. Calan to plaintiff, of date January 30, 1905, and another from Nathan Page to Nicolas Claudel, of date August 10, 1875. He also offered acts of sale from Cook, tax collector, to Emma Heintz, of date August 23, 1883; from M. & J. Ingram to G. W. Medus, and from G. W. Medus to E. M. Cahn. The purpose of these offers was expressly limited to showing the extent of plaintiff’s possession, and the three acts last mentioned, were, apparently, not filed, as they are not in the transcript, and the clerk certifies that the transcript contains all documents filed save such as were omitted under the rule of this court. This suit was instituted in September, 1905, but we find no evidence in the record concerning plaintiff’s actual possession, or that of his authors, within the year preceding that date. It is shown that Charles Heintz was the tutor of the minors Ingram; that the entire tract, of which 'the disputed territory forms part, belonged to his wards, and that he bought it at a tax sale, for account of his daughter, and held possession of it for a number of years; and it is also shown that a judgment has been rendered decreeing that the purchase so made inured to the benefit of the minors, so that, if it were shown that the plaintiff is the successor in title of the minors Ingram, it may be that the possession of Heintz would inure to their benefit, but, as has been stated, that link in the chain of title has been omitted, and the only title, in himself, which plaintiff exhibits, was not a year old when the suit was brought, and he has shown no possession since it was acquired.
The judge a quo reached, the conclusion that the action is one of jactitation, and gave judgment enjoining defendants as prayed, and, also, ordering them to institute a petitory action within 30 days, or, in default thereof, to be prohibited from, thereafter, claiming the property. The defendants insist that the action is purely possessory, and plaintiff’s counsel says that the evidence “enlarged the issues made by the pleadings and converted the action, practically, into one of boundary.” It is not, we think, a jactitation suit, since plaintiff does not pray for the relief appropriate to an action of that character, and does not show the possession necessary to maintain one.
The judgment ordering the defendants to institute a petitory action is therefore, and to that extent, ultra petitionem. It can hardly be ‘ considered an action of boundary, since, according to the allegations of the petition, the estates of the plaintiff and defendants are not contiguous, and the plaintiff prays merely to be quieted in the possession of his own property, and that defendants be condemned in damages and for trespass.
Regarded as a possessory action, which we think it is, it must fail for lack of proof of the necessary possession. Besse v. Aycock, 5 La. Ann. 134; Chinn v. Blanchard, 6 La. Ann. 66; Millard v. Richard, 13 La. Ann. 572.
Counsel for defendants say in their brief: “While there is abundant evidence in the record of title, there is no consent of record to deal with the case as a petitory action.” Plaintiff’s titles were, however, offered merely to prove possession. If it were otherwise, and this court were at liberty of its own motion to deal with a possessory action as either a jactitation suit or as though it were petitory, our decision would probably be different from that which, as the cáse is presented, we are constrained to render.
For the reasons assigned, it is ordered, adjudged, and decreed, that the judgment appealed from be annulled, avoided, and réversed, and that plaintiff’s demand be rejected at his cost in both courts, without prejudice, however, to any other remedy which he may have with reference to his ownership and enjoyment of the land in dispute.