HEARD, Judge.
Plaintiffs, Alton M. Folse and Frank M. P. Deville, appeal from a judgment which rejected plaintiffs’ request for an injunction and found that they were not in possession of the land in question.
The Highway Department, defendant in this suit, engaged in a project to widen Louisiana Highway 107 in Pineville, Rap-ides Parish. The plaintiffs are landowners whose property adjoins the proposed highway project. The Highway Department opened bids on this project and awarded the contract to the lowest bidder, but before it signed the contract and awarded the Work Order, plaintiffs filed this suit for a preliminary injunction under LSA-C.C.P. art. 3663(2), claiming that they had been in possession for more than one year of a portion of the property included in the project, and asking that the Highway Department be enjoined from disturbing their possession until such time that the Highway Department had acquired the property by conventional deed or by condemnation proceedings.
Admittedly the Highway Department has never instituted expropriation proceedings in regard to this property. The property in question was originally owned by plaintiffs’ ancestors in title, Scipio E. Compton, who in 1905 granted a servitude to the Louisiana Railway and Navigation Company for a railroad. In 1921, the Louisiana Railway and Navigation Company transferred its rights to the Parish of Rapides tó construct a parish road. In 1970, the Police Jury of Rapides Parish declared portions of this property abandoned, as no longer needed for highway purposes, and allegedly transferred all rights thereto to the contiguous property owners.
Plaintiffs claim title to the property by virtue of the 1970 Resolution of the Rapides Parish Police Jury. The defendant Highway Department claims title by virtue of Act 95, 1921, now embodied in R.S. 48:191, which act provides that the state should assume control and maintenance of certain designated highways.
Trial was held on February 10, 1975 before Judge Jimmy M. Stoker, on plaintiffs’ petition for a preliminary injunction, and judgment was rendered on that same day granting plaintiffs a preliminary injunction.
On February 26, 1975, the Highway Department presented to the court a pleading entitled “Motion and Order”, which document in effect asked that the matter be converted under LSA-C.C.P. art. 3657 into a petitory action. The trial court converted the respondent’s “Motion and Order” into a request for a new trial, and granted same on all issues inherent in the pleadings as amended.
On March 10, 1975, the matter was reheard and taken under advisement, and judgment was thereafter rendered on March 13, 1975, recalling and setting aside the preliminary injunction previously issued, reserving to plaintiffs and defendants all rights so far as concerns the ownership of any right, title and interest in and to the *1178 property, or servitude in question. This judgment was read and signed on March 18, 1975.
In his oral reasons for judgment of March 13, 1975, the trial judge held that he regarded the injunction question as one in which he could exercise some discretion under this court’s ruling in Silberman v. Beaubouef, 175 So.2d 873 (La.App. 3 Cir. 1965). He likewise held that he did not believe he should ignore the title question, as it has been held, and he cited five federal cases, that a preliminary injunction should not be issued unless it was probable that the parties seeking the injunction will ultimately succeed.
The court then proceeded into a lengthy review of the title question, wherein it found the following facts: (1) That the Highway Department did not have title to the property; (2) that che police jury, although originally granted only a servitude over the property, had become the owners of such by virtue of the fact that they had built and maintained a road. He then went on to hold that the Police Jury did not mean in its 1970 Resolution to convey this property to the contiguous property owners, and/or if it did, it could not legally do so because the Police Jury cannot declare public property which is in use abandoned.
In his reasons of March 13, 1975, the trial court seems to concede that title with regard to an injunction under LSA-C.C.P art. 3663(2) should not be an issue, but concludes, “It will come into court one way or the other.” The court then went on to say that if it should be later proven in a trial on the merits that the Police Jury did intend to give plaintiffs title, they could be compensated for monetarily, for even if the state conceded that the plaintiffs are now the owners of the property, they would be subject to having their property expropriated and monetary compensation is all that they could hope to realize in the taking of their property.
On April 29, 1975, the defendant by oral motion, had its action, insofar as it asserted a petitory action through the motion and order filed on February 25, 1975, dismissed without prejudice. (See minute entry, TR. P- 4.)
Thereafter, the matter was assigned for trial and hearing was held on January 29, 1976 before Judge Guy E. Humphries. Plaintiffs, in their brief, assert that at the pre-trial conference, all parties agreed that it was to be a hearing on a petitory action. This was stated and agreed to by the trial judge (TR. p. 180). Judgment was rendered by the trial court on May 27, 1976. Although the trial judge in his reasons for judgment stated that he felt the suit was an injunction suit, he found that the plaintiffs were not in possession of the land (TR. p. 62). From that judgment, plaintiffs appealed.
Plaintiffs-appellants contend:
1. That the first trial judge erred in reversing himself and ruling that this was a possessory action under C.C.P. arts. 3655-3662, coupled with a request for a preliminary injunction under C.C.P. art. 3663(1), and was not simply a request for a preliminary injunction under C.C.P. 3663(2);
2. That the first trial judge erred in changing defendant’s request to convert the proceedings to a petitory action into a motion for a new trial;
3. That the first trial judge erred in ruling that plaintiffs had not proved necessary possession and in recalling the preliminary injunction previously rendered;
4. The second trial judge erred in first decreeing that the matter would be tried in a petitory action and then reversed himself by holding that plaintiffs had failed to prove possession;
5. The second trial judge erred in not awarding plaintiffs damages based on the value of the land taken.
The injunction portion of the above issues may be moot by virtue of the fact that this court denied the Application for Writs filed by the plaintiffs which allowed the Highway Department to proceed to sign the contract and award the work order, and the contractor has now taken into the widened highway the two disputed strips of land. *1179 However, the issue of whether plaintiffs proved necessary possession of the two disputed strips is not moot, except that if the court should rule that the defendants did turn the matter into a petitory action, even this point becomes moot because under the law, the defendants admit the possession of the plaintiffs if they turn the possessory action into a petitory action. C.C.P. Article 3657 states:
“The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the posses-sory action is abated.”
“When, except as provided in Article 3661(l)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.”
“If, before executory judgment in a possessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.”
Appellants’ first contention is erroneous. The first trial judge did not find that appellants had coupled a possessory action with request for injunctive relief, he merely found that appellants had not proved the degree of possession required to grant an injunction under C.C.P. 3663(2).
As to plaintiffs’ second contention, while there has been no case found which allowed the trial court to change the pleadings of a party on its own motion, the action taken by the trial court in granting a new trial on the injunction proceeding has to be deemed harmless error. C.C.P. art. 1971 authorized the trial court to grant a new trial on its own motion. While the trial court exercised its discretion in an unorthodox manner, the result was harmless.
The third contention of the appellants is that the first trial judge erred in finding that plaintiffs had not proven necessary possession required by C.C.P. art. 3663(2). In order to qualify for injunctive relief of the article, a plaintiff must prove (1) possession of the property for more than one year prior to the disturbance; (2) that the disturbance occurred, and (3) that suit was filed within one year of the disturbance. Parkway Development Corp. v. City of Shreveport, 330 So.2d 646 (La.App. 2nd Cir. 1976); Babington Children Trusts v. Eimer, 285 So.2d 792 (La.1973); and Indian Bayou Hunting Club, Inc. v. Taylor, 261 So.2d 669 (La.App. 3rd Cir. 1972).
Plaintiffs based their proof of possession on the doctrine that possession of a part of property is possession of the whole. In order for this doctrine to be applicable, plaintiffs must prove that they have title to the whole of the property involved. C.C. arts. 3437 and 3498; Babington Children Trusts v. Eimer, supra. Trial court found, as a matter of fact, that the plaintiffs had not proved that they held legal title to the property involved in this suit. Therefore, they do not have the legal possession needed under C.C.P. art. 3663(2).
Plaintiffs’ fourth contention is that the second trial judge erred in decreeing that the matter to be tried as a petitory action and later reversing himself so as to rule that it was not a petitory action and plaintiffs failed to bear their burdens of proof. There is no proof beside a statement by plaintiffs’ attorney found on Page 180 of the transcript that all had agreed that the hearing was to be a petitory action and in his reasons for judgment, the second trial judge stated that he felt the action was a hearing on an injunction. He also found, as a matter of fact, that the plaintiffs had failed to prove the possession necessary to uphold an injunction of C.C.P. art. 3663(2). He agreed with the findings of fact and law of the first trial judge.
We find no manifest error in the findings of the trial court and for the above reasons *1180 assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.