DENNIS, Justice.
This dispute arose over the possession and ownership of a strip of land abutting an existing highway which the Highway Department sought to widen and improve. Plaintiffs-relators, Alton M. Folse and Frank M. P. Deville, are undisputed owners of two tracts of land situated on or near Louisiana Highway 107 in Pineville, Louisiana. Their property is separated from the highway roadbed by the strip of land in question. At the time that the instant action was commenced, Highway 107 was a two-lane road which the Department of Highways planned to widen to four lanes. After the Department had prepared plans and specifications for the widening project and had awarded the contract based upon bids received in response to its advertisement, plaintiffs sued to enjoin completion of the project. Specifically, they sought an injunction to prevent the Department from signing the contract and awarding the work order until it had obtained a conventional deed or a right of way over the disputed tract of land which plaintiffs claimed they had peacefully possessed for more than one year prior to the institution of the action. La. C.C.P. art. 3663(2).
Both the property in question and plaintiffs’ tracts were originally owned by one Scipio E. Compton, plaintiffs’ ancestor in title. In 1905, Compton granted a right of way over the property to the Louisiana Railway and Navigation Company for the building of a railroad. An examination of the conveyance to the railway company reveals that the company was not granted the property in fee, but rather that it acquired *413 what has been referred to as a limited personal servitude over the land.[1]
In 1921, the Louisiana Railway and Navigation Company purportedly sold its rights in the right of way to the Rapides Parish Police Jury for the building of a parish road. In that same year, by Act 95 of 1921 (now La.R.S. 48:191), the Louisiana legislature created a system of state highways by designating certain parish roads as part of the state highway system. The Rapides Parish road constructed on the original right of way was thereby designated as Louisiana Highway 57, which later became Highway 107.
In 1970, after having executed specific acts of abandonment to certain contiguous property owners of other portions of the right of way, the Police Jury executed a blanket act of abandonment of the right of way in the vicinity of the plaintiffs’ lots. By this act, the Police Jury purported to abandon its interest in the property to the contiguous property owners.
Trial was held on the plaintiffs’ original suit for a preliminary injunction on February 10, 1975, and judgment was rendered granting the injunction. On February 27, 1975, the Highway Department presented to the district court a pleading entitled “Motion and Order”, amending its answer to assert title to the property, which the court converted into a motion for a new trial. On March 10,1975, the new trial was held, and on March 13 the district court rendered judgment, accompanied by lengthy oral reasons, recalling and setting aside the injunction previously issued and reserving to all parties any rights which they might have insofar as the ownership of the property was concerned. The court of appeal denied plaintiffs’ application for cer-tiorari, and work on the highway project began.
Thereafter, a trial on the merits as a petitory action was held before a different judge of the same district.[2] Judgment was entered for the defendant department, but the reasons assigned were couched in terms of injunctive relief.[3] The plaintiffs appealed, and the Third Circuit Court of Appeal affirmed. Plaintiffs applied for certiorari, contending that the appellate court erred in not finding that the second trial was a petitory action, that the Department of Highways had failed to meet its burden of proving ownership, and that the plaintiffs were entitled to an award based on the value of the disputed strip of land.
Under Louisiana Code of Civil Procedure Article 3657 a defendant who converts a suit into a petitory action judicially confesses the fact of his opponent’s possession. Since the defendant Department brought about such a conversion in the instant ease the court of appeal erred in finding that the plaintiffs had failed to prove open and peaceful possession for more than one year prior to bringing the suit. Moreover, both the court of appeal decree and the final trial court judgment were based upon the mistaken impression that the injunction proceeding judge found that plaintiffs were not in possession of the property. In fact, the original trial judge found that plaintiffs proved their possession, and there is adequate evidence to support his findings.
*414 Nevertheless, the Department contends that it is entitled to prevail because it met the requisites of La. C.C.P. art. 3653(1) by proving that it has valid title to the disputed property.
In asserting its title to the questioned property, the Department relies upon Act 95 of 1921 (Now La. R.S. 48:191) for the proposition that the legislature, in designating certain parish roads as state highways, intended to convey not only the roadway, but the right of way vested in the parish, to the Department.[4] La. R.S. 48:191 provides in pertinent part:
“There is hereby created and established a system of state highways which shall consist of Class A Highways or a Primary System to include 4200 miles; Class B Highways or a Secondary System to include 4300 miles; and Class C Highways or a Farm-to-Market System to include 6750 miles; provided that the total mileage of the three systems shall not exceed 15,750 miles, and provided further that the over plus of mileage allowed for herein is allowed and fixed solely for the purpose of adjustments that might become necessary from time to time within the sole discretion of the Board of Highways, working in conjunction with the police juries or municipalities. The three road systems hereinabove established shall extend as nearly as possible along the routes and between the various points hereinafter set out, the specific and detailed location or relocation of said highways to be determined by the Board of Highways. Provided however, that nothing herein shall apply to the inclusion of new roads in the Interstate Systems or to Toll Roads.
“The location of all highways in the three road systems established hereby may be altered and amended by the Board of Highways to such an extent and in such a manner as may be necessary for the purpose of meeting any requirements in order to obtain Federal aid for road construction in Louisiana.”
A fair reading of the above-quoted statute does not support the Department’s contention that the legislature intended to convey to the state all of the existing rights of way, held by parish governing bodies, which were contiguous to the roadways designated by the statute as “state highways.” This conclusion is reinforced by the action of the Department, in 1951, in obtaining from the Rapides Parish Police Jury a grant of a portion of the Highway 107 right of way which paralleled the roadway east of the plaintiffs’ property. Therefore, we find that the Department failed to meet its burden of proving title, and that the plaintiffs-relators were accordingly entitled to judgment rejecting the Department’s petitory action.
Plaintiffs are also entitled to some type of monetary compensation for the disturbance of their possession by defendants.[5] La. C.C.P. art. 3662(3); Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir. 1959); Chinn v. Blanchard, 6 La.Ann. 66 (1851); cf. Roge v. Kuhlman, 136 So.2d 819 (La.App. 3d Cir. 1962); Harrison v. Petroleum Surveys, Inc., 80 So.2d 153 (La.App. 1st Cir. 1955). However, plaintiffs are not entitled to be compensated for the full value of the land, as in an expropriation proceeding; rather, the measure of their damages should be the value of their possession of the property, subject to preemption by the true owner in *415 a petitory action. Cf. Dupuy Storage and Forwarding Corporation v. Cowan, 216 So.2d 610 (La.App. 4th Cir. 1969). Since there is insufficient evidence in the record of the value of their possessory interest upon which to base an award of damages, the case is remanded to the trial court for further proceedings not inconsistent with this opinion.
The judgment of the Court of Appeal is vacated and the case is remanded to the trial court for further proceedings in accordance with this opinion.

. 3 A. Yiannopoulos, Louisiana Civil Law Treatise, § 125 (1968). The writer defines “limited personal servitude” as a real right of enjoyment created in favor of a person.

. Although confusion exists in the record we have reached the conclusion that this is a peti-tory action. Statements made by both attorneys at the trial indicated that they felt the posture of the case was that of a petitory action; the order of trial, in which the Highway Department presented its case as plaintiff, demonstrates that a petitory action was contemplated by the parties; both sides attempted to prove title; a question properly resolved only by petitory action. La. C.C.P. art. 3653.

.Although both parties presented extensive evidence of title, the trial court’s reasons for judgment provided only that the request for “injunction” was denied because the plaintiffs lacked the necessary possession to bring such a suit. Despite the fact that the court stated that it agreed entirely with the findings of fact made in the earlier trial on the injunction, its statement that the plaintiffs lacked the necessary possession to maintain a suit under La. C.C.P. art. 3663 is in direct conflict with one of the earlier findings of fact, viz., that the plaintiffs were in peaceful possession for more than one year prior to the institution of the suit.

. We pretermit, for purposes of this opinion, a discussion of whether the purported transfer from the Louisiana Railway and Navigation Company to the Police Jury was legally effective.

. Plaintiffs argued, in brief to this court, that they are the owners of the property in question by virtue of the “blanket abandonment” executed by the police jury in 1970 in favor of the contiguous landowners. An examination of the document in question reveals that the abandonment was ineffective because it does not provide the specificity of description necessary to a conveyance of real property. It is unnecessary for us to consider whether as part of the agreement to try the suit as a petitory action the plaintiffs waived their claims to injunctive relief against the Department; in brief to this Court plaintiffs have abandoned any such claim by conceding that the only question left for resolution is their entitlement to monetary compensation.