664 So.2d 553 (1995)
Dr. Daniel R. BOURQUE, M.D., Plaintiff-Appellee,
v.
Joseph A. KOURY, Defendant-Appellant.
No. 95-286.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*554 Charles M. Jarrell, Opelousas, for Dr. Daniel Bourque M.D.
Samuel David Abraham, Lafayette, for Joseph A. Koury.
Before THIBODEAUX and WOODARD, JJ., and KNIGHT [*], J. Pro Tem.
WOODARD, Judge.
The defendant, Joseph A. Koury, appeals a money judgment in which the plaintiff, Dr. Daniel R. Bourque, was awarded $100.00 and court costs. The plaintiff counter-appeals the portion of the judgment denying his main demand of payment for a bill for $2,545.00. We reverse the court's judgment of the $100.00 and court costs.

FACTUAL BACKGROUND
This case began when Kassaundra Reed slipped and fell at a K-Mart store and went into labor. On the same day, the plaintiff, Dr. Daniel R. Bourque, Ms. Reed's physician, performed an emergency cesarean section to deliver Ms. Reed's child. The defendant, Joseph A. Koury, an attorney, represented Ms. Reed in her suit against K-Mart. Prior to trial, Koury had a telephone conversation with Bourque in which Koury understood that the fall resulted in birth by cesarean section. He sent a letter to Dr. Bourque, agreeing to withhold an amount, owed by Ms. Reed to Bourque and related to her personal injury case, out of the proceeds of the law suit, and requesting a medical report.
At the Reed personal injury trial, Bourque, testifying on behalf of Ms. Reed, indicated that the fall did not cause the premature birth of the baby and cesarean section but, rather, "the fall caused her to have contractions." He added "... and then I think all of the other factors that came into play, you know, also were part of my decision in deciding to deliver her." Ms. Reed won her suit relating to her back injury, but the jury awarded her nothing for past medical expenses, which included hospital and doctor expenses for her cesarean section. Koury disbursed the proceeds from the law suit to Ms. Reed but refused to pay Bourque. Approximately one year after the conclusion of the Reed trial, Bourque sent Koury a bill for $100.00 for the medical report he had never sent and $500.00 for a deposition he never gave. Koury returned the bill unpaid. Subsequently, Bourque filed a suit against Koury for $2,545.00, which covered Ms. Reed's prenatal care and delivery but did not include the above sums, alleging that Koury had not disbursed the proceeds as they had "agreed." That suit is the subject of this appeal.
During the trial, Koury's counsel sought to admit Bourque's bill for the medical report and deposition. Bourque's counsel objected, arguing that it was "totally irrelevant" and *555 "It was never charged as a subject to this case." Notwithstanding, the court accepted it into evidence and ultimately used it as the basis for awarding Bourque $100.00 for the cost of his medical report, even though Bourque had not requested this payment in his suit. The court submitted that ruling on this issue was permissible even though it was not pled because the admission of the bill enlarged the pleadings to include it. Additionally, upon concluding that Koury had agreed only to pay for Bourque's medical services related to the fall, the court denied Bourque's claim for $2,545.00 and assessed all court costs against Koury.

APPLICABLE LAW
The court of appeal should not upset the factual findings of a trial court absent manifest error or unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). A proper review cannot be completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record established that the finding is not clearly wrong. Id. at 1333. Where two permissible views of the evidence exists, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The court of appeal must determine whether the trial court verdict was clearly wrong based on the evidence, or clearly without evidentiary support. Ambrose v. New Orleans Police Dept. Amb. Serv., 93-3099, 93-3110, 93-3112 (La.7/5/94); 639 So.2d 216.
For the introduction of evidence to automatically enlarge the pleadings under La.Code Civ.P. art. 1154, the evidence admitted must not be pertinent to any other issue raised by the pleadings. If the evidence was admissible for any purpose, it cannot enlarge the pleadings without the express consent of the opposing party. Diesi Leasing, Inc. v. Morrow, 542 So.2d 838 (La.App. 3 Cir.), writ denied, 548 So.2d 329 (La.1989).

DISCUSSION
The first issue to be addressed by this Court is whether the trial court erred in denying Bourque's claim against Koury for reimbursement of $2545.00 which Ms. Reed owed Bourque for her prenatal care and delivery. Both parties testified that they had an agreement with each other but, from the testimony, it is obvious that they differed on to what each was committing, resulting in no contract at all.

ENLARGEMENT OF THE PLEADINGS
We now turn to Koury's assignment of error in which he urges that the trial court erred in awarding Bourque the sum of $100.00 when the issue was not properly before the court. Plaintiff's only demand, and therefore plaintiff's only demand properly before the court, was for "the sum of $2,545.00 in payment of the medical services rendered on behalf of Kassaundra Reed."
Notwithstanding, the trial court awarded Bourque $100.00 based on defense counsel's introduction into evidence of a letter Koury had written Bourque, returning to him, unpaid, Bourque's bill for two services Bourque had never rendered: namely, $100.00 for a medical report Bourque admitted never sending and $500.00 for a deposition which he never gave. This bill was enclosed with Koury's letter of explanation. Both comprised one exhibit which Koury offered into evidence. His reason for offering the exhibit is unclear from the record, since his payment of this bill was not part of this lawsuit. In fact, Bourque's counsel objected to the exhibit's introduction, stating: "And, Your Honor, I'm going to object. I think it's totally irrelevant. It is not a subject. It was never charged as a subject to this case." Nevertheless, the trial court admitted the exhibit and later, in motu proprio, held that the introduction of the bill had enlarged the pleadings. We disagree.
It is argued that La.Code Civ.P. art. 1154 is dispositive of this issue. This article provides that:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to *556 conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence. [Emphasis added.]
Implicit in the statute is that at least one consenting or moving party is required before an analysis can be made under art. 1154 to determine if the court should allow the pleadings to be amended by the admission of evidence. In the case sub judice, neither party consented, requested, or approved of enlarging the pleadings. Thus, we find that this article does not apply.
Further, we find no authority permitting the court to enlarge the pleadings, in motu proprio, Folse v. State, Dept. Of Highways, 347 So.2d 1176 (La.App. 3 Cir.1977); vacated, 356 So.2d 411 (La.1978), particularly when both parties object to it, thereby not wishing to litigate that matter, as in the case sub judice.
Therefore, we find that the trial judge clearly erred as a matter of law in awarding $100.00 to the plaintiff as it was not before her. Accordingly, we reverse.

COURT COSTS
The Court may render judgment for costs, or any part thereof against any party, as it may consider equitable. La.Code Civ.P. art. 1920. Both the trial and appellate courts are vested with discretion in the apportionment of costs. Scamardo v. Dunaway, 94-545 (La.App. 5 Cir. 2/15/95); 650 So.2d 417. The trial court's assessment of costs can be reversed by an appellate court only upon a showing of an abuse of discretion. Maynor v. Vosburg, 25,922 (La.App. 2 Cir. 11/28/94); 648 So.2d 411, writ denied, 95-0409 (La. 4/28/95); 653 So.2d 590. Given our determination that the trial court erred in finding the defendant liable on the bill for the medical report, we find that assessment of all costs against the defendant constitutes an abuse of discretion. Accordingly, we assess all costs of these proceedings, at the trial level and on appeal, to the plaintiff.

CONCLUSION
For the reasons expressed, we conclude the trial court erred in determining that the introduction of the bill for the medical report constituted an enlargement of the pleadings. The costs of this appeal are to be taxed against the appellee.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.