SAUNDERS, Judge.
Defendant, Earl James Veal, appeals an adverse judgment of the trial court denying his petition for declaratory relief concerning paternity. In doing so, the trial judge ruled that Mr. Veal was not entitled to a blood test in order to determine whether he was the biological father of plaintiff’s minor son, whom he had previously acknowledged as his own. For the following reasons, we reverse.

FACTS

In August of 1993, Mr. Veal and plaintiff-appellee, Felecia Scott, were engaged in a physical relationship. Approximately one month later, Ms. Scott contacted defendant and advised him that she was pregnant. Ms. Scott subsequently gave birth Uto her son, Caanan Diondre Scott, on May 10,1994. Mr. Veal took responsibility for the child based on appellee’s contention that he was the father, and on September 19, 1995, he signed an acknowledgment of paternity regarding the minor child. Thereafter, Mr. Veal placed his name on the minor child’s birth certificate, as he was not named on the original certificate of live birth. Appellant points out that his name was not placed on the birth certificate until approximately fifteen months after the child’s birth. He further claims that the child was baptized as “Perkins,” the surname of another individual who was also told by Felecia Scott that he was the father of the same child.
On September 19, 1996, appellee filed a rule for child support requesting that the court order child support benefits from defendant in accordance with his present income and the Louisiana child support guidelines. Shortly thereafter, Mr. Veal filed a petition for declaratory relief concerning paternity, specifically asserting that the signing of the acknowledgment was not only signed while he was under duress, but was also done prior to him learning specific information that established that he is, in fact, not the biological father of the minor child. This subsequent discovery of information is the result of an alleged letter sent by appellee to Mr. Veal which strongly suggests that he may not be the father of appellee’s minor son.
In accordance with his petition for declaratory relief, Mr. Veal requested that the court order blood tests in order to either establish paternity or exonerate him. On May 15, 1997, a judgment was rendered denying Mr. Veal’s motion for declaratory relief. The trial judge was influenced by the fact that Mr. Veal had been supporting the child since birth, had acknowledged paternity, and had placed his name on the child’s birth certificate. Although the trial judge acknowledged the existence of ^appellee's letter to Mr. Veal, he found that this was not enough to show a reasonable possibility of a lack of paternity.

LAW AND ARGUMENT

Mr. Veal contends that the trial court erred in finding that he failed to show a reasonable possibility of lack of paternity solely due to the fact that he acknowledged the child after his birth. Additionally, Mr. Veal claims that the trial court erred in denying his motion for declaratory relief by stating that he had no legal grounds to stand on.
In our analysis of this matter, we refer to the case of Roberts v. Franklin, 96-290 (La. App. 3 Cir. 10/09/96); 688 So.2d 1181, 1183, citing Lastrapes v. Willis, 93-1417 (La.App. 3 Cir. 4/06/94); 635 So.2d 1281, 1282-83, rehearing denied, writ denied, 94-1547 (La.9/30/94); 642 So.2d 871, which states:
In In Interest of J. M. [590 So.2d 565 (La.1991)], the Supreme Court was concerned with the question of what must be established in a paternity suit to trigger court ordered blood testing. It concluded that the moving party must first show a reasonable possibility of paternity. In our view, that conclusion is equally applicable to a situation where an alleged father is attempting to disavow a minor child.
*373 Thus, the issue before us is whether appellant has shown a reasonable possibility that he is not the biological father of appellee’s minor child. Finding that Mr. Veal has met this burden, we find that the trial court erred in failing to grant his motion for declaratory relief.
We base this conclusion on the existence of the letter sent by appellee to Mr. Veal subsequent to his acknowledgment of her child stating to the affect that there is a ninety percent chance that the child’s biological father is not Mr. Veal. Although a copy of this letter was not included in the record, its existence has never been denied by appellee. Furthermore, the letter was offered by appellant at trial without objection and in his written reasons for judgment, the trial judge stated that Mr. Veal Lwas “told by the defendant-in-rule recently in a letter that another individual was the child’s father.” Although the trial judge was not persuaded by this evidence, we certainly are.
Appellee argues that Mr. Veal has failed to meet his burden of proof, in that ever since the child’s birth, he voluntarily undertook to establish a father/son relationship with the child. Appellee claims that Mr. Veal voluntarily provided monthly monetary support for the child and additionally provided Christmas and birthday gifts. She further claims that appellant voluntarily spent time with the child on a number of occasions.
However, Ms. Scott offers no explanation of the subsequent letter sent by her to appellant raising the question of his actual paternity. As such, we find this letter, in and of itself, sufficient to establish a reasonable possibility of a lack of paternity on the part of Mr. Veal. Thus, corroboration of the existence of paternity by blood testing is appropriate in this matter.
Keeping in mind the strong public policy in favor of protecting innocent children, we believe that it is not Mr. Veal’s intention to simply shirk any duty he may owe to appel-lee’s minor child. This is evidenced by his prior voluntary gifts and monetary payments on behalf of the child, as well as his contention of an intent to continue supporting the child should he in fact be his biological father. We further note that absent a biological relationship, Mr. Veal’s avowal of the minor child is null, see Roberts, 688 So.2d 1181, and under the particular circumstances of this case, appellant is entitled to a court ordered blood test pursuant to La.R.S. 9:396 in order to either affirmatively establish paternity or else exonerate him from his child support obligation.

15DECREE

In light of the foregoing, the judgment of the trial court denying appellant’s motion for declaratory relief is hereby reversed, and this matter is remanded to the trial court for further proceedings in accordance with this opinion. Costs of this appeal are assessed against appellee, Felecia Scott. All other cost are deferred to the trial court.
REVERSED AND REMANDED.