I,THIBODEAUX, Judge.
Felecia Scott appeals a judgment of the trial court ordering her to pay court costs, attorney fees, and expenses totaling $15,-694.00. Scott seeks a reduction of the judgment, contending that the award for attorney fees and court costs is excessive. For the reasons which follow, the judgment of the trial court awarding the defendant-appellee, Earl James Veal, $5,400.00 in attorney fees is reversed. In all other respects, we affirm.
JLsJ-

ISSUE

We shall consider whether the trial court properly assessed to Scott the payment of court costs, attorney fees, and expenses totaling $15,694.00 pursuant to La.R.S. 40:34(E)(7).
*309 II.

FACTS

In August of 1993, Veal and Scott were engaged in a sexual relationship. Approximately one month later, Scott informed Veal that she was pregnant. On May 10, 1994, Scott gave birth to her son, Caanan Diondre Scott. Based upon Scott’s contention that he was the father, Veal signed an acknowledgment of paternity on September 19,1995.
On September 19, 1996, Scott filed a rule for child support. Subsequently, Veal filed a petition for declaratory relief, asserting that the acknowledgment was signed under duress and alleging that he had obtained information from Scott that he was not Caanan’s biological father. In April of 1998, this court reversed the trial court’s judgment denying Veal’s motion for declaratory relief and held that Veal was entitled to a court-ordered blood test. Scott v. Veal, 97-1388 (La.App. 3 Cir. 4/8/98); 710 So.2d 371. The results of the blood test revealed that Veal is not Caan-an’s biological father.
Veal filed a motion to reset the hearing for declaratory relief, to rescind his notarial act of acknowledgment, and to terminate a stipulated judgment for child support. The trial court rendered judgment declaring that Veal was not Caanan’s biological father, rescinding the acknowledgment, and terminating the stipulated judgment. The following costs were assessed against Scott:
|8(1) Blood test costs $ 585.00
(2) Appeal court costs $ 327.00
(3) District court costs $ 657.00
(4) Attorney Fees $5,400.00
(5) Previously paid child support $5,625.00
(6) Previously paid medical insurance $3,100.00
III.

LAW AND ARGUMENT

Attorney Fees
Scott contends that the award to Veal of $5,400.00 in attorney fees is excessive. We decline to address whether the award is excessive, as we find that there is no statutory basis for awarding attorney fees to Veal.
In his motion to reset the hearing for . declaratory relief, to rescind the notarial act of acknowledgment, and to terminate the stipulated judgment for child support, Veal sought attorney fees pursuant to La. R.S. 40:34(E). This statute provides that in cases where the mother of an illegitimate child knows the identity of the biological father, the mother can complete a paternity information form issued by the Vital Records Registry. The Department of Social Services is then instructed to serve notice on the alleged father that he has been named as the father of the child. Thereafter, the alleged father has ninety days to contest the allegation. Otherwise, the alleged father is presumed to be the father of the child for support purposes. Louisiana Revised Statutes 40:34(E)(7) provides: “In the event the alleged father is found not to be the father, all costs of the hearing, ... and costs incurred by the |4alleged father defending himself shall be paid by the party who made the allegations against the alleged father.”
We find that La.R.S. 40:34(E)(7) is inapplicable to this case. Veal did not defend himself as a result of being served with a notice by the Department of Social Services informing him that he had been named as the father of Scott’s child. A court may not award attorney fees in Louisiana except where authorized by statute or provided for by contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985). Because we cannot find a statute which would authorize an award of attorney fees in this case, we reverse the trial court’s award of $5,400.00 in attorney fees to Veal.
Court Costs
Scott contends that the court costs taxed by the trial court are excessive. We reject Scott’s contention. The trial court’s assessment of court costs will not be reversed on appeal absent an abuse of discretion. Bourque v. Koury, 95-286 (La. *310 App. 3 Cir. 11/2/95); 664 So.2d 553. Louisiana Revised Statutes 9:397.1 provides that where blood tests are conducted for a determination of paternity, “the court shall tax the costs to the party against whom judgment is rendered.” In this case, the trial court properly assessed the cost of the blood test to Scott. Moreover, Scott has failed to establish that the district court and appellate court costs are excessive. Upon our review of the record, we find no evidence of an abuse of discretion by the trial court in the assessment of court costs to Scott.
J¿IV.

CONCLUSION

Based on the foregoing reasons, the judgment of the trial court awarding attorney fees to Veal in the amount of $5,400.00 is reversed. In all other respects, we affirm. Costs of the appeal are assessed to Scott.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.